SIDNEY SMITH, Plaintiff

v.

ELEANORE T. SMITH, Defendant

Civil No. 396-1971

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 7, 1972

YOUNG, *Judge*

Following the trial of this contested divorce action, I granted the divorce to both parties on the no fault grounds of an incompatibility of their temperaments. Custody of the minor child was granted to the mother with reasonable rights of visitation to the father.

I took under advisement the question whether the court has authority to grant to the wife the jointly held homestead as part of a court-ordered settlement or alimony in gross. I also took under advisement the amount of money and other obligations of support for the minor child.

Disposition by the Court of the homestead owned by divorce litigants is covered under Section 2305(b) of Title 33 Virgin Islands Code, which provides that:

"in the case of divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case".

In determining the equity of the case, I have considered the following from the evidence adduced at trial. Plaintiff has approximately $40,000 in net assets located in Tortola, British Virgin Islands. These net assets consist of two tracts of real property, one of which is an apartment house which plaintiff acquired in 1968. He paid $45,000 for said apartment house and sold one of his pre-marriage properties for $4,500 in order to meet the down payment. The second property was acquired before the marriage and is presently worth approximately $25,000. Both parties testified that their jointly owned homestead in St. Thomas has a present market value of approximately $25,000. The property is subject to a remaining unpaid balance of a mortgage note in the amount of approximately $4,000. Hence, it has a net value of $21,000.

In her testimony, defendant disclaimed any interest in the Tortola properties. However, I must consider the value

of same in determining the equities between the parties. Plaintiff has assets of approximately $40,000 in Tortola and $10,500 in St. Thomas, for a total of $50,500. Defendant's one-half interest in the homestead is worth $10,500. If defendant were to be deeded the entire fee of the homestead in St. Thomas, she would be receiving approximately $10,500 worth of plaintiff's total assets of $50,500, or approximately 1/5 of his total assets. The testimony shows also that defendant has paid about $5,000 for the furnishings of the homestead and in various repairs thereto, and further that plaintiff owes defendant a little over $300 for his share of the last three mortgage payments and insurance premiums on the St. Thomas homestead. The testimony also indicated that plaintiff earns approximately $430.00 per month, with personal expenses of $230.00, leaving a cash flow of approximately $200.00 per month. This is in addition to his rental income from the Tortola properties. On the other hand, defendant earns approximately $400.00 a month, with personal living expenses of $230.00, which gives her a cash flow of approximately $170.00 per month. However, unlike the plaintiff, she has no additional income from investments. She would also find it very difficult to carry the mortgage payments and insurance premiums on the homestead without help from the plaintiff.

Considering the equities of this case, as aforesaid, it would be eminently fair to have the plaintiff convey his one-half equity of the St. Thomas homestead to the defendant to be hers in fee simple title alone. In addition, he should be required to keep and remain on the mortgage for his one-half share of the future mortgage payments and insurance premiums, including the $300.00 thereof, which he has been in arrears as of the time of the trial. Since I have the authority and power to dispose of the homestead in accordance with the equity of the case, I so order the

plaintiff to convey his interest in the homestead to the defendant and I further provide that he shall remain obligated for his one-half share of the remaining unpaid balance of the mortgage encumbering said property. His share of that amount is approximately $2,000 and I give him the alternative, if he wishes, to pay that amount as a gross payment to the defendant.

■ With regard to the amount of money that plaintiff shall pay to defendant for the support of the minor child and other obligations connected therewith, it will be ordered that the plaintiff shall pay to defendant the sum of $75.00 per month, but, in addition, shall pay the cost of the tuition charged by the private school where the child is now in attendance. It shall be part of the decree that plaintiff shall be responsible for all education expenses of the child in addition to the $75.00 per month money allowance. Plaintiff shall also be fully responsible for all major medical and dental expenses of the child and it will be a part of the decree that plaintiff shall attain and maintain in full force and effect an appropriate hospitalization and accident policy to assure that this protection shall be given to the child. The attorneys for the parties will confer and agree upon the policy limits and said policy limits shall be particularly set forth in the decree.