**IRENA DYNDUL,** Appellant

v.

**MICHAEL DYNDUL**

No. 75-2402

United States Court of Appeals

Third Circuit

Argued April 27, 1976

Filed August 10, 1976

Irwin J. Silverlight, Esq. (Nichols & Silverlight), Christiansted, St. Croix, V.I., *for appellant*

Robert A. Ellison, Esq., Christiansted, St. Croix, V.I., *for appellee*

Before VAN DUSEN, ADAMS and ROSENN, *Circuit Judges*

OPINION OF THE COURT

ROSENN, *Circuit Judge*

This appeal requires us to determine the scope of authority of the District Court of the Virgin Islands to order a division of marital real estate in a divorce proceeding. We hold that this authority can be granted only by statute and that the District Court exceeded its authority in this action.

Irena Dyndul instituted this proceeding to obtain a divorce from Michael Dyndul, her husand for 32 years. Evidence at the hearing established that the parties jointly

owned[1] three pieces of real estate: a house and lot in St. Croix that had been the marital abode but in which Irena had been living alone since separating from her husband six months earlier; a house on lakefront property in Wisconsin; and a lot in Florida. There was contradictory testimony as to jointly owned personal property.

The district court granted the divorce on the ground of incompatibility of temperament. The court's decree ordered the following monetary and property arrangements: (1) that Michael pay Irena $50 per month as "alimony and support"; (2) that Irena "have exclusive possession for the rest of her natural life of the house and furnishings and equipment" on St. Croix; (3) that Irena "quitclaim" to Michael "all of her title and interest" in the Wisconsin and Florida property; (4) and that Michael pay Irena $500 in attorney's fees plus costs.

■■ Irena has appealed from this order, contending that the distribution of property is inequitable because the district court failed to consider, inter alia, the value of each of the parcels of real estate, the needs of the parties for a particular property, and the ability of the parties to support themselves. It is true that there is no evidence of the properties' values in the record; indeed, the discussion concerning division of property took place off the record. We, however, perceive a more fundamental problem with the district court's action—lack of statutory authority to distribute real property other than the homestead.[2]

---

[1] Michael Dyndul's attorney informed the court that the deed to the St. Croix homestead property recited that the parties held it as tenants by the entirety. Nothing in the record indicates how the Wisconsin and Florida properties were held; the parties merely responded affirmatively to questions asking whether they owned property "together." The Virgin Islands is not a community property jurisdiction. See 16 V.I.C. §§ 62, 67 (1964); 1 V.I. Op. A.G. 104.

[2] We do not question the well-established proposition that a divorce court with statutory authority to divide marital property may, by in personam order, effect a distribution of real property located in other jurisdictions. See Fall v. Eastin, 215 U.S. 1 (1909); Argent v. Argent, 396 F.2d 695 (D.C. Cir. 1968); Restatement (Second) Conflicts of Laws, § 102 Comment (d) (1971).

The Virgin Islands legislature has comprehensively regulated the granting of divorce in that jurisdiction. See 16 V.I.C. § 101 et seq. Part of that statutory scheme, 16 V.I.C. § 109 (Supp. 1975), provides that in granting a divorce, the court may decree:

(3) for the recovery [for] a party determined to be in need thereof an amount of money, in gross or in installments, as may be necessary for the support and maintenance of such a party; (4) for the delivery to the wife of her personal property in the possession or control of the husband at the time of giving the judgment;

Another title of the Virgin Islands Code provides that

in the case of a divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case.

33 V.I.C. § 2305(d) (1967).[3] The parties have not cited to us, nor have we been able to find, any other provision of the Virgin Islands Code dealing with division of marital property on divorce.

It is the rule in the majority of American jurisdictions that the authority of a divorce court to effect a division of the property of the parties to a divorce proceeding, at least as to real estate, is purely statutory. See, e.g., Blumenthal v. Monumental Security Storage, Inc., 271 Md. 298, 316 A.2d 243 (1974); Klaisner v. Klaisner, 288 Ill.App.3d 110, 328 N.E.2d 341 (1975); 27B C.J.S. Divorce, § 291(1). "It is an accepted doctrine in both England and America that a court of equity in dissolving a marriage cannot divide the property of the spouses except by statutory authority." Lopez v. Lopez, 206 Md. 509, 112 A.2d 466, 468 (1955). This rule apparently derives from the American law concept that divorce "is a creature of state statute, and the power of the [legislature] over the entire subject of

---

[3] 33 V.I.C. § 2305(a) (1967) defines homestead as "the abode including land and buildings, owned by, and actually occupied by, a person, or by members of his family free of rental charges."

marriage, as a civil status, and its dissolution, is unlimited except as restricted by the state and federal constitutions." Coleman v. Coleman, 32 Ohio St.2d 155, 291 N.E.2d 530, 534 (1972). See, e.g., Dolan v. Dolan, 259 A.2d 32, 35–6 (Me. 1969); Chalmers v. Chalmers, 65 N.J. 186, 320 A.2d 478 (1974); 24 Am.Jur.2d Divorce and Separation § 4. There appear to be only two jurisdictions that hold that a divorce court has inherent equitable powers to adjust the property interests of the parties. See Libra v. Libra, 157 Mont. 252, 484 P.2d 748 (1971); Anderson v. Watkins, 208 So.2d 573 (Miss. 1968). This view has the merit of limiting ancillary litigation.

■ Whatever we may think of the relative merits of these two approaches, we do not exercise a totally unconstrained choice. 1 V.I.C .§ 4 (1967) provides:

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

While the rule that a divorce court requires statutory authority to effect a division of property may not, strictly speaking, be a rule of common law, it is clearly the view of a large majority of United States jurisdictions. The foregoing statute is impressive evidence that the Virgin Islands legislature intends such a rule to govern in the absence of specific legislation.[4]

It is also significant that Judge Young in Knowles v. Knowles, 9 V.I. 360, 354 F.Supp. 239 (D.C.V.I. 1973), assumed it to be the law that in the Virgin Islands "a power to transfer real property . . . may . . . be conferred only by statute . . . ." 9 V.I. at 365, 354 F.Supp. at 242. Furthermore, the legislature's granting the district courts

---

[4] None of the restatements of the law approved by the American Law Institute has addressed the subject of divorce law.

only a limited authority (as to the homestead) may represent a conscious policy decision. In any event, the legislature has the power to pass enabling statutes if it so desires. It is our view that this is a significant policy matter appropriate for legislative and not judicial treatment. Cf. Paiewonsky v. Paiewonsky, 8 V.I. 421, 446 F.2d 178 (3d Cir. 1971) (abrogation of interspousal immunity left to the legislature).

■ Accordingly, we hold that authority to distribute real estate in a divorce proceeding can be conferred on a Virgin Islands divorce court only by statute. To date, the only such authority the legislature has seen fit to bestow on divorce courts is the power to award a homestead. 33 V.I.C. § 2305(d), supra.

■ Our ruling does not leave courts and parties without means to effect a distribution of property. A divorce court may achieve a division of the marital estate by making a solely monetary award of alimony in gross as authorized by 16 V.I.C. § 109(3), supra. See Ayer v. Ayer, 9 V.I. 371 (D.C.V.I. 1973). Also, either party may institute a separate action in the proper jurisdiction for partition of property held as tenants in common. See 28 V.I.C. § 451 et seq. (1962).[5] Additionally, where one spouse has a particular equitable interest in property, e.g., where property was purchased by one spouse in the name of the other or where one spouse has made a material contribution to the other's acquisition of property, a separate equity action may be maintained to realize that interest.

■ The consequence of our holding is that that portion of the district court's decree ordering Irena Dyndul to quitclaim to her former husband all of her title and interest in the Florida and Wisconsin properties cannot stand.

---

[5] Any property held by the parties prior to the divorce as tenants by the entirety would be held, subsequent to the divorce, as tenants in common. 27A C.J.S. Divorce § 180(b)(2); 1 V.I.C. § 4 supra.

Accordingly, paragraph 4 of the district court's decree is hereby vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion. On remand, the district court may, within the limits of its statutory authority, make such modifications in its decree as it deems necessary to adjust the equities of the parties.