**GRACE TODMAN, Plaintiff**

v.

**GEORGE W. TODMAN, Defendant**

Civil No. 76/879

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 6, 1977

600

DESMOND L. MAYNARD, ESQ. (RICHARDS and MAYNARD), St. Thomas, V.I., *for plaintiff*

THOMAS B. ELLIOT, ESQ., Legal Services of the Virgin Islands, St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*, Sitting by Designation

## MEMORANDUM OPINION

The power of this Court, or any Court in the Virgin Islands, to order the disposition of real property belonging to either or both parties to a divorce action again confronts the Court. Although it might have been believed that this question had been laid to rest by Knowles v. Knowles, 9 V.I. 360, 354 F.Supp. 239 (D.V.I. 1973) and Dyndul v. Dyndul, 541 F.2d 132 (3d Cir. 1976), this Court believes otherwise. While the defendant argued that Knowles was dispositive of the question, this court finds Knowles inapplicable to the case sub judice for three reasons:

1. Although Knowles is persuasive under the doctrine of stare decisis, it is not binding.

2. Knowles is factually distinguishable.

3. The Homestead Exemption Act does not give the court power to dispose of real property as part of a divorce action.

## A.

### 1.

■ If the undersigned were sitting as a Territorial Court judge as opposed to a District Court judge by designation, Knowles would be binding because the District Court has appellate jurisdiction to review all judgments and orders of the Territorial Court. Title 4 V.I.C. § 33. However, this matter is before the undersigned pursuant to an order of the Chief Judge of the District Court dated December 31, 1976, by which the undersigned was designated to sit in the Division of St. Thomas and St. John of the District Court of the Virgin Islands for, among others, the above-captioned matrimonial matter.[1] Consequently, although Knowles is persuasive it is not binding. See Pascal v. Charley's Trucking Service, Inc., No. 76/1977 (District Court of the Virgin Islands, Division of St. Thomas and St. John, filed February 8, 1977).

### 2.

If Knowles were binding, it still would not be applicable to the case sub judice because in Knowles the husband-defendant was the sole record owner of the parties' homestead. The instant case involves property owned by the parties as tenants by the entirety. In Knowles, the court found it had the power to order the husband to transfer his interest in real property to his wife, but the court expressed concern as to the soundness of relying on a subsection of the Homestead Exemption Act to support its decision. To ensure the validity of its decree, the court ordered the husband to pay, within a period of time, a single sum as alimony in gross. At the husband's option, this sum of alimony could be satisfied by a transfer and conveyance to

---

[1] This order was issued pursuant to authority vested in Chief Judge Christian by a December 29, 1976, order of the Honorable Collins J. Seitz, Chief Judge, United States Court of Appeals for the Third Circuit. See 48 U.S.C. § 1614(a).

the wife of an undivided one-half interest in the subject property. There is no dispute that the court had the power to make such an award of alimony. Title 16 V.I.C. § 109(3).[2] Given that fact, the result in Knowles probably is unassailable. This is particularly so in view of the equities that were found in Knowles. Here, however, I have determined that neither party is entitled to alimony at this time, that as a result Title 16 V.I.C. § 109(3) is not applicable, and that the court does not have the power to order a disposition of real estate owned by the parties.

3.

Knowles clearly and concisely stated the fundamental principles that apply in any divorce proceeding where property is at issue.

Initially, it seems clear that a power to transfer real property is not an automatic incident to divorce jurisdiction. Monetary grants of alimony, which are recognized in the Virgin Islands, might be deemed a sufficient guarantee that a divorced wife will not be left destitute. A further power over real property may therefore be conferred only by statute; it should not be implied by the court. See Lopez v. Lopez, 112 A.2d 466, 206 Md. 509 (1955); Emery v. Emery, 200 P.2d 251 (Mont. 1948); 24 Am.Jur.2d § 926; Cross v. Cross, 125 N.E.2d 488 (1955); Miller v. Miller, 126 P.2d 357 (1942).

---

[2] At the time Knowles was decided Title 16 V.I.C. § 109 in pertinent part provided:

Whenever a marriage is declared void or dissolved the court may further decree—

(3) for the recovery from the party in fault such an amount of money, in gross or installments, as may be just and proper for such party to contribute to the maintenance of the other;

This section was amended April 24, 1973, Act No. 3418, § 3 Virgin Islands Sess. L. 1973, p. 46, to provide:

Whenever a marriage is declared void or dissolved the court may, without regard to any determination that the breakdown of the marriage was the fault of one party or the other, further decree:

(3) for the recovery from* a party determined to be in need thereof an amount of money, in gross or installments, as may be necessary for the support and maintenance of such party;

* (The "from" was changed to "for" by Act No. 3971, approved April 28, 1977.)

9 V.I. at 365, 354 F.Supp. at 242. The Third Circuit Court of Appeals concurred fully in Dyndul v. Dyndul, supra, when it held that authority to distribute real estate in a divorce proceeding can be conferred on a Virgin Islands court only by statute. In Knowles, as pointed out above, the court was confronted with property held solely in the name of the husband but which the court determined to be the homestead of the parties, i.e., the abode actually owned and occupied by a person or his family. As a result, relying on Title 33 V.I.C. § 2305(d) and the last clause of the concluding sentence of that subsection, the court found it had power to order a disposition of the realty. The pertinent portion of the statute provided:

. . . in the case of a divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case.

In this case, however, the property at issue is owned as a tenancy by the entirety. The Virgin Islands Legislature has spoken elsewhere as to what a court shall do under such circumstances. Specifically, pursuant to 28 V.I.C. § 7(d):

Upon the divorce or annulment of the marriage of a husband and wife they shall become tenants in common as to any real property then held by them as tenants by the entirety.

This court believes that this language precludes the court from going any further in making any disposition of the realty absent additional legislative authorization, and consequently that Title 33 V.I.C. § 2305(d) is inapplicable.

Assuming arguendo that Title 33 V.I.C. § 2305(d) and Title 28 V.I.C. § 7(d) are not contradictory and can be read together, this court believes that the conclusion in Knowles that Title 33 V.I.C. § 2305(d) gives the court jurisdiction to make a disposition of the homestead is ill founded. The legislative debate on Title 33 V.I.C. § 2305 is not available because the statute was adopted by the Virgin Islands Legislature on March 7, 1962, when floor debates were not

transcribed. However, a close scrutiny of Act No. 834, which created the homestead tax exemption, forces this court to conclude that the language in subsection (d) on which the court relied in Knowles was not intended by the Legislature to vest the court with the power Knowles found it to have.

Act No. 834 was entitled the "Joseph Gomez Homestead Exemption Act." That act had as its principal purpose the establishment of "homestead protection through exemption from the payment of real property taxes." Section 1, Virgin Islands Sess. L. 1962, p. 71. Nowhere in the act's declaration of legislative purpose or in any of the act's provisions, which consist of subsections (a) through (k) and three full pages of the session laws, is there any indication that the act was designed to do anything other than provide a homestead tax exemption for residents of the Virgin Islands.[3]

Thus, although Knowles found § 2305 (d) to be a grant of power to the court to make a disposition of the homestead in divorce actions, this court is not persuaded by the rationale expressed in Knowles. The court in Knowles saw what this court views as the basic difficulty with the Knowles conclusion.

There is one difficulty with this construction of § 2305 (d), but it is a substantial one. The section appears in the Title on "Taxation and Finance", and its general import is to provide a measure of tax relief to homeowners. It might thus appear an anomalous place to locate a provision on divorce-court jurisdiction. This is particularly true

---

[3] The declared purpose of Act No. 834, as embodied in § 1 of the Act provides:

It is hereby declared that the public policy of this Act is to establish homestead protection through exemption from the payment of real property taxes. This homestead protection is hereby established in view of the fact that it is within the province of the Government to provide all necessary facilities in order that citizens may keep their homesteads. The public policy is hereby established that the property where the homestead is constituted shall enjoy ample protection by law, not only in regard to freedom from attachment and foreclosure by private persons, but also by the Government itself, which has a justifiable interest in seeing that citizens keep their homesteads and enjoy proper housing.

605

when the total content of subsection (d) is considered. That subsection is primarily concerned with determining who shall receive the benefit of the tax exemption if the original owner dies or departs. It might therefore be argued that the language upon which I rely has only a narrow meaning and in fact authorizes a divorce court only to determine which spouse shall receive the continued benefit of the tax exemption.

9 V.I. at 366–67, 354 F.Supp. at 243.[4] This concern is supported by Title 16 V.I.C. § 109 by which the Legislature set forth, specifically and in detail, the powers of a Virgin Islands court upon declaring a marriage void or dissolved. There is absolutely no reference to real property, although the court has been given, among other powers, the authority (1) to award custody of children, 16 V.I.C. § 109(2); (2) to order support for children, 16 V.I.C. § 109(2); (3) to order delivery of personal property to the wife, 16 V.I.C. § 109(3); and (4) to award alimony in gross or installments to the party in need, 16 V.I.C. § 109(3). These powers have been vested in the Virgin Islands courts since 1944, and although the grounds for divorce have been modified since that time, there has been no alteration of what the court can do upon entry of a final order of divorce. Compare § 12 of the Divorce Law of the Virgin Islands, Act Leg. Assem., Bill No. 14, approved December 29, 1944, 16 V.I.C. § 109 (1964 ed.) with Act No. 3418, § 3, Virgin Islands Sess. L. 1943, p. 46, 16 V.I.C. § 109 (1976 Supp.). Given that history, this court is unwilling to read into the 1962 Homestead Exemption Act an intention on the part of the Legislature to broaden those long standing powers, powers that can come only from the Legislature.[5]

---

[4] While the Knowles court pointed out that Title 1 V.I.C. § 4 does not allow a court to place emphasis on where a statute is located within the Virgin Islands Code, this section should not be read to imply a statutory intent that is not clear, particularly when it relates to the threshold issue of a court's jurisdiction.

[5] To suggest that the Legislature's inaction in the face of Knowles is an implicit approval of Knowles is not persuasive and violates a cardinal legal principle

Having voiced serious reservations about the intent of the Homestead Exemption Act, the Knowles court said it should not assume that the Legislature's use of the word homestead rather than homestead exemption was "a mere linguistic lapse." Knowles stated:

... if this were held to be only a linguistic error then the provision would make little sense. A divorce court need not determine which of the separating spouses should retain the tax exemption, since upon separation each party, once he acquires property, would by definition establish an exemptible homstead of his own. Such a provision might serve a purpose in the case where the wife is permitted to remain in possession of the house and where the husband, now an owner not in occupancy, should be allowed the continued tax benefits from which his absence would otherwise bar him. But this situation assumes the very proposition for which I am now contending—that the divorce court has power to transfer a property interest, in this hypothetical a life estate or term of years, from one spouse to the other.

9 V.I. at 367–68, 354 F.Supp. at 243.

This court, however, is not convinced that that would follow where we are dealing with property held as a tenancy by the entirety, which upon divorce pursuant to Title 28 V.I.C. § 7(d) becomes a tenancy in common. First, the husband may not be able to acquire a new homestead. Second, even if he acquires a new homestead that act does not terminate his entitlement to a homestead exemption in the marital abode. This is particularly true where he has children who occupy the marital abode with their mother upon divorce. Title 33 V.I.C. § 2305(a). Moreover, the court in appropriate circumstances does have the power to

___

by suggesting that silence itself constitutes assent. According to Professor Sands:

A number of decisions have held that the acquiescence of the legislature through inaction following a contemporaneous and practical interpretation is evidence that the legislature intends to adopt such an interpretation. But legislative inaction has also been called a "weak reed upon which to lean" and a "poor beacon" to follow in construing a statute . . . . [T]he acquiescence of the legislature seems to be of small consequence where there is no evidence to the effect that the statute or contemporaneous interpretation was called to the legislature's attention.

Sands, 2A Sutherland Statutory Construction (4th ed) § 49.10 at 261.

effectuate the transfer of a life estate or a term of years where it is in conjunction with or in lieu of any alimony or child support pursuant to Title 16 V.I.C. § 109(3). The Knowles decree was, in fact, based upon 16 V.I.C. § 109(3) and gave Mr. Knowles the alternative of discharging his support obligations directly by paying a lump sum or by a transfer of the realty. This, as pointed out, undoubtedly was within the authority of the court.

It might be contended that the concern expressed in Knowles as to the intent of the word "homestead" in § 2305(d) is even more significant when read in light of the recent ruling of the District Court in Marsh v. Government of the Virgin Islands, No. 76/15 (District Court of the Virgin Islands, Division of St. Croix, filed May 9, 1977). Circuit Judge Garth, assigned pursuant to 48 U.S.C. § 1614(a), was called upon to interpret the meaning of the term "employees" in Title 3 V.I.C. § 582. Noting that "the function of this court is to construe the statutory language so as to give effect to the intent of the Virgin Islands Legislature," he quoted from the U.S. Supreme Court's decision in Philbrook v. Glodgett, 421 U.S. 707, 713 (1975):

In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy. Our objective is to ascertain the congressional intent and give effect to the legislative will.

Slip Op., p. 4. As indicated above, the overall intent of Act No. 834 was to provide a homestead tax exemption.

It might be contended that the Third Circuit opinion in Dyndul v. Dyndul, supra, establishes without question that Knowles was properly decided. However, a review of the briefs in Dyndul v. Dyndul and of the appellate court's opinion has satisfied this court that the rationale of Knowles never was submitted to the Court of Appeals for determination nor passed on by it. The Third Circuit did state without ambiguity:

Accordingly, we hold that authority to distribute real estate in a divorce proceeding can be conferred on a Virgin Islands divorce court only by statute. To date, the only such authority the legislature has seen fit to bestow on divorce courts is the power to award a homestead. 33 V.I.C. § 2305(d), supra.

541 F.2d at 134. While that language can be read as foreclosing the issue, and accepting the fact that one might say this court has put its head in the sand, this court does not believe the Third Circuit has, in fact, resolved the issue.[6] This conclusion is supported by the fact that there was no discussion of Title 28 V.I.C. § 7(d) by the court in Knowles or by the Third Circuit in Dyndul. In fact, language in Dyndul suggests that consideration of this question will lead to a conclusion contrary to Knowles.

A divorce court may achieve a division of the marital estate by making a solely monetary award of alimony in gross as authorized by 16 V.I.C. § 109(3), supra. See Ayer v. Ayer 9 V.I. 371 (D.C.V.I. 1973). Also either party may institute a separate action in the proper jurisdiction for partition of property held as tenants in common. See 28 V.I.C. § 451.

541 F.2d at 134.

The procedure seemingly mandated by both 28 V.I.C. §

[6] The Court of Appeals did not pass on the question because it was conceded by both parties that the District Court had the power to dispose of the real property of the parties located in St. Croix, U.S. Virgin Islands pursuant to Title 33 V.I.C. § 2305(d). Appellant's Brief, pp. 5, 7; Appellees' Brief, pp. 3–4. Moreover, the District Court in awarding the wife exclusive possession of the St. Croix property for the rest of her life indicated this award was in lieu of alimony amounting to $200 per month, which would make the disposition sustainable on the basis of Title 16 V.I.C. § 109(3). Appellee's Brief, p. 3, App. 76A lines 20–25. The parties having conceded jurisdiction to award the homestead pursuant to Title 33 V.I.C. § 2305(d), the Third Circuit by letter to counsel for both sides asked for authority as to "whether the District Court of the Virgin Islands has power in a divorce case to direct the disposition of property that is not considered 'homestead' property, particularly when such property is outside the jurisdiction of the Virgin Islands." Letter of Thomas F. Quinn, Clerk, U.S. Court of Appeals for the Third Circuit dated April 15, 1976 in No. 75-2402, Exhibit A to Supplemental Briefs of Appellant and Appellee. Thus, it appears that the only issue the Third Circuit was deciding in Dyndul was the power of Virgin Islands courts to dispose of property other than a Virgin Islands homestead and it did not consider whether § 2305(d) did, in fact, vest this court with jurisdiction to dispose of homestead property or of any other real property in the Virgin Islands.

7(d) and the above quoted language would be a separate action for a partition instituted by either party. As the Third Circuit suggested:

where one spouse has a particular equitable interest in property, e.g., where property was purchased by one spouse in the name of the other or where one spouse has made a material contribution to the other's acquisition of property, a separate equity action may be maintained to realize that interest.

541 F.2d at 135.

Given those statements by the Third Circuit and this court's reluctance to subscribe to the intent Knowles read into the Legislature's enactment of § 2305(d), this court is not inclined to assume it has the power to make a disposition of real property absent specific legislative authority or that Title 33 V.I.C. § 2305(d) grants this authority.

Since the trial of this case, this court has learned of an unreported decision of the Third Circuit that lends further support to this court's conclusion. Lindo v. Lindo, No. 74-1616 (3d Cir., filed January 2, 1975). In Lindo, Judge Antoine Joseph, also sitting as a District Court Judge by designation, refused to make an award of jointly held real estate of the parties. The wife appealed alleging that the court erred by refusing to order the husband to reconvey his interest to the wife, which she alleged she gave him to secure a loan. The Third Circuit's opinion noted that the lower court had not indicated why it had refrained from making a disposition of the property and remanded the case for further findings and a decision on the reconveyance issue.

If the court abstained because it lacked the authority to adjudicate the property issue, we note that a recent Virgin Islands decision, Knowles v. Knowles, 354 F.Supp. 239 (1973), has found that the district court has the authority to adjudicate rights to the homestead incident to its power to fashion a divorce decree. We believe that if on remand the district court finds that real property in this case may

610

be deemed a "homestead" and that reconveyance of the property *would be an appropriate remedy in conjunction with or in lieu of any child support, alimony or other payments, then Knowles may well control this case.*

If the property dispute is deemed to be unrelated to the district court's matrimonial jurisdiction, then it cannot be resolved in this action, particularly because the assigned judge could only hear matrimonial matters.

Lindo v. Lindo, supra, Slip Op., pp. 3–4 (emphasis added).

Although Lindo preceded Dyndul, it is clear that the Third Circuit did not pass on the issue of whether the Homestead Act gave Virgin Islands courts the power to dispose of the homestead. In fact, the above-quoted language indicates that Knowles may be controlling only where a court bases its award of real property on Title 16 V.I.C. § 109(3). This is suggested by the Third Circuit's statement that reconveyance would be appropriate in conjunction with or in lieu of any child support or alimony payments. Even then, however, Chief Judge Seitz did not say Knowles was or would be controlling, but that then it *"may* well control this case." (Emphasis added.)

Despite all of the foregoing, this court is sensitive to the fact that a number of decisions have been rendered that rely on Knowles and affect numerous parcels of real estate. In addition, this court is aware of Chief Judge Christian's recent opinion in Pascal v. Charley's Trucking Service, Inc., supra, involving a disagreement between the two divisions of the Virgin Islands District Court as to application of the Restatement of Torts' bar to a wife's claim for loss of consortium. Judge Christian stated that "the prospect of our court limping along on two contrary opinions, is one that I could not countenance, far less relish." Id., Slip Op., p. 5. The court has a similar concern, but also recognizes that judges can, do, and will continue to differ on many issues. In Pascal, Judge Christian avoided a conflict and

then certified the issue to the Third Circuit for a resolution. The Third Circuit, however, denied the petition for appeal on the grounds the case should be tried first to avoid the possibility of a second appeal on still other issues. Pascal v. Charley's Trucking Service, Inc., No. 77-8033 (3d Cir., filed February 25, 1977).

The court here could avoid a conflict by finding it has jurisdiction and ordering the parties to return for an evidentiary hearing on the property issue and then make an award based on the evidence adduced. By adopting that course, however, this court would have to assume authority it does not believe it possesses. Moreover, in contrast to Pascal, the matter would not be in a posture for certification. Also by so ruling this court then would have overstepped what it believes to be its proper bounds and, in the absence of an appeal, it would have perpetuated what it believes to be an improper result. Moreover, by granting the divorce, which clearly is warranted, the property known as No. 18-B Estate Tutu, St. Thomas, Virgin Islands, will be converted to a tenancy in common pursuant to Title 28 V.I.C. § 7(d). While this will not settle the ultimate rights of the parties, it will avoid action that this court considers inappropriate. Moreover, the parties' rights will not be adversely affected because each will have the opportunity to institute a separate equity action or an action for partition as Dyndul states is available. This admittedly will require a new action, but the court believes it would, under all circumstances, be the more appropriate position in which to leave the parties.

As a result, having determined that neither party is entitled to an alimony award at this time and that no order of support would be appropriate, the court will not dispose of the realty on the basis of Title 16 V.I.C. § 109(3). The property known as No. 18-B Estate Tutu, St. Thomas, Virgin Islands, will upon the entry of judgment be con-

verted from a tenancy by the entirety to a tenancy in common.

## B.

Having concluded that I do not have the power to dispose of the realty, I now turn to the matters for which the court does have jurisdiction. The court does find that both the plaintiff and the defendant are residents of the Virgin Islands and have been for more than six weeks prior to the commencement of this action. Accordingly, the court does have jurisdiction to hear the action for divorce and to make a determination as to whether or not an obligation for support is owed by either party to the other and for their child, Eleanor Todman, born August 24, 1959. Title 16 V.I.C. §§ 106 and 109.

The plaintiff and the defendant both seek alimony. Based upon the testimony of the parties, however, the court concludes that neither party presently is entitled to alimony. The testimony of the plaintiff-wife clearly establishes that she has expenses in excess of $500.00 per month. Her gross income is $100.00 a week from her job at the La Caravelle at Frenchman's Reef Hotel. She also receives social security benefits of $27.00 a month for herself and $27.00 a month for the parties' nearly 18-year-old daughter. The wife testified that she has been able to get by on her income, although her testimony indicates that her income is less than she requires to meet her needs and the needs of the parties' daughter, who is living with the plaintiff. The wife also testified that she receives other contributions from another daughter of hers and that before the child of the parties became pregnant, she also received contributions from her. Moreover, the wife is 48 and in good health in contrast to the husband, who is 64 and who suffers from arthritis. If the wife is having any difficulties in meeting her own needs, which she did not indicate, they will dissipate considerably in December when $65.00 per month

of her expenses will terminate upon final payment of a debt to the Chase Manhattan Bank.

The husband receives $87.00 a month from social security. As a taxicab driver he also has additional income that nets him $14.00 per day when he works. He testified that he suffers from arthritis and that on repeated occasions he misses work for as long as two or three days at a time. This, of course, has the effect of drastically reducing his income. Although he said he had been working steadily for the last two months, given his age and physical condition, I cannot find that he is able to work 30 days a month; 20 days would be more likely. His expenses and physical condition are such that, if anything, he is more in need of support than the wife.

■ The next question to be determined by the court is whether child support should be paid to the wife by the husband. Obviously, both parties owe a duty of support to their child. Consequently, both parties if necessary would have to reduce their levels of living in order to provide adequate support for the child. However, based upon the fact that the child has for all practical purposes become emancipated, this court will not order child support to be paid. The court concludes that the child has become emancipated, although now living with the mother, because she comes and goes as she pleases and is completely independent of her family. She is pregnant at this time, and all of the expenses that she is incurring in connection with her expectant child are being borne by the father-to-be of the child, although the daughter is not married. The conduct of the minor child and her employment until her recent pregnancy along with the other factors mentioned force this court to conclude that it would be inappropriate to order the father to pay support. This is particularly so in view of the fact that the father indicates that whenever the daughter has been in need of various items of clothing or

other necessities, he has provided them upon request. There is no indication that this practice will not continue. See Title 16 V.I.C. §§ 345, 351(2), 351(3).

■ The only remaining issue is whether a divorce should be granted. There is no doubt that the marriage between the parties has broken down. The testimony of the wife revealed the parties have been separated and living apart for at least three years. Consequently, I conclude that there has, in fact, been a breakdown of the marital relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved. Accordingly, a Decree will be entered in accordance with this opinion.