**GRACE TODMAN**

**v.**

**GEORGE WASHINGTON TODMAN, Appellant**

## No. 77-2173

Third Circuit

## Argued December 6, 1977

## Filed February 10, 1978

J. STEVEN XANTHOPOULOS, ESQ., THOMAS A. ELLIOT, ESQ.,
Legal Services of the Virgin Islands, Christiansted, St.
Croix, V.I., *for appellant*

MRS. GRACE TODMAN, Charlotte Amalie, St. Thomas, V.I.,
*for appellee*

Before ADAMS, ROSENN, and HUNTER, *Circuit Judges*

OPINION OF THE COURT

ROSENN, *Circuit Judge*

Once again we address the question of whether the
district court for the Virgin Islands may order distribution in a divorce action of real property jointly held by the
parties. In Dyndul v. Dyndul, 13 V.I. 376, 541 F.2d 132
(3d Cir. 1976) (Rosenn, J.), we held that the exercise of
such power over real property by a Virgin Islands divorce
court is prohibited in the absence of express statutory
authorization. We further held that no statute of the
Virgin Islands permitted a divorce court to dispose of certain property of the parties outside of the territory. However, in so doing, we also suggested that authority did
exist to permit the district court to assume jurisdiction
over the marital homestead property of the parties, although neither the husband nor the wife contested the
disposition of that property. In this case we squarely face
reexamination of our previous assumption that the district
court has power to dispose of the homestead.

This is an appeal by the defendant-husband in a divorce action from a decree of the district court of the
Virgin Islands[1] refusing to dispose of his marital homestead. The district court held that it had no authority to
order such a distribution, that neither Dyndul's dicta, nor

---

[1] The case was heard by Henry L. Feuerzeig, a judge of the Territorial Court
of the Virgin Islands, sitting by designation as a district court judge.
48 U.S.C. § 1614 (1970).

any other case, were controlling, and that the court consequently was without jurisdiction. We disagree and reverse.

I.

On December 15, 1976, Grace Todman ("appellee") filed a divorce action against her husband, George Washington Todman ("appellant"), in the district court for the Virgin Islands. The appellant filed an answer and counterclaim in which he requested a disposition of certain real property—the marital homestead[2] owned by the entireties —located at 18-B Estate Tutu, St. Thomas, Virgin Islands.

■ On July 6, 1977, the district court issued a Memorandum Opinion and Decree which granted a divorce, denied alimony, and awarded legal custody of the child of the marriage to both parties. The court refused to dispose of the homestead property, however, holding that it had no jurisdiction under Virgin Islands law to make such an award. This appeal was filed soon thereafter.[3]

---

[2] "[A] homestead shall constitute the abode including land and buildings, owned by, and actually occupied by, a person, or by members of his family free of rental charges." 5 V.I. Code Ann. tit. 33, § 2305(a)(1967). The district court did not hold that the property at question was the Todmans' homestead, although presumably the property would qualify. It appears that the court made no finding because of its view that it had no jurisdiction to dispose of the homestead.

[3] On appeal, no brief was submitted by the appellee; nor did anyone appear for her at oral argument. Appellee did submit an affidavit, however, in which she stated that she would not participate in this appeal "to the extent of hiring counsel, submitting a brief, or arguing the appeal, since she ha[d] been notified by her trial counsel . . . that he [would] not handle the appeal." Nonetheless, she desired to be informed of the court's determination of this matter.

Because appellee made no attempt to dispute appellant's arguments on appeal, we had some question as to whether an actual case or controversy still exists. We hold that it does, for although appellant is unopposed on appeal, a concrete and definite dispute exists over the disposition of the property. Failure to take this appeal would substantially affect appellant's legal rights. In essence, the controversy continues and a decision by this court could well determine the ultimate rights of the parties to the property. This is sufficient proof of a case or controversy to give us jurisdiction over the appeal. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937); accord, Jersey Central P. & L. Co. v. Local Unions, 508 F.2d 687, 699 (3d Cir. 1975), cert. denied, 425 U.S. 998 (1976). "When a plaintiff brings suit to enforce a legal obligation it is not any the less a

Appellant contends that the failure of the district court to assume jurisdiction over the property was reversible error. He submits that Dyndul v. Dyndul, supra, Virgin Islands district court cases, and the doctrine of stare decisis mandate that the court dispose of the property. He asserts further that explicit statutory authorization is given to the district courts of the Virgin Islands to dispose of the marital homestead by 5 V.I. Code Ann. tit. 33, § 2305(d) (1967), which provides, inter alia, that "in the case of divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case."[4]

The district court rejected each of appellant's arguments. The court first restated the general proposition that a Virgin Islands divorce court may not dispose of real property in the absence of express statutory authorization. See Dyndul v. Dyndul, supra, 541 F.2d at 134 ("authority to distribute real estate in a divorce proceeding can be conferred on a Virgin Islands divorce court only by statute"); Knowles v. Knowles, 9 V.I. 360, 354 F.Supp. 239, 242 (D.V.I. 1973) ("power to transfer real property is not an automatic incident to divorce jurisdiction. . . . [F]urther power may therefore be conferred only by statute . . . .") The court then found that section 2305(d) was an insufficient basis for a divorce court to assume jurisdiction

---

case or controversy upon which a court possessing the federal judicial power may rightly give judgment, because the plaintiff's claim is uncontested or incontestable." Pope v. United States, 323 U.S. 1, 11 (1944).

[4] Section 2305(d) provides in full that

The homestead protection and exemption provided in this section shall continue to attach to the property after the death of the owner thereof, and shall inure to the favor of the surviving spouse while the latter continues to occupy the said homestead, and after the death of both spouses, to the favor of their children until the youngest surviving of these shall have attained majority. In case either spouse shall abandon the home, the homestead protection and exemption shall continue in favor of the spouse who occupies the property as a dwelling; and *in the case of a divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case.*
5 V.I. Code Ann. tit. 33, § 2305(d) (1967) (emphasis supplied).

over homestead property, rejected the reasoning of Knowles v. Knowles, supra, and concluded that Dyndul v. Dyndul, supra had not resolved this issue.

## II

Section 2305(d) explicitly states that a divorce court "shall make disposition of the homestead in accordance with the equity of the case." As early as 1972 this clear statement led the district courts of the Virgin Islands, sitting as divorce courts, to find jurisdiction over the marital home. See Smith v. Smith, 8 V.I. 633, 337 F.Supp. 475, 476 (D.V.I. 1972) ("[Section 2305(d) gives] authority and power to dispose of the homestead"); Ayer v. Ayer, 9 V.I. 371, 381 (D.V.I. 1973) ("The laws of the Virgin Islands empower the district court in granting a divorce to make a disposition of the homestead"). This view is most strongly expressed in Knowles v. Knowles, supra.

In Knowles, the parties persuaded the court that their homestead should be distributed by the court in its award. The homestead was owned solely by the husband, although the wife was led to believe that the property was jointly owned. The court stated that section 2305(d) provided the basis for disposition of the property and decided to award the wife a one-half interest in the homestead, according to the equity of the case. To fortify its decree, in the event that the court's power to make a disposition under section 2305(d) was successfully attacked on appellate review, the court decided to make an alternative money award to the wife under 3 V.I. Code Ann. tit. 16, § 109(3) (1964),[5]

---

[5] Section 109(3) provides that:

Whenever a marriage is declared void or dissolved the court may further decree—

\*　　　\*　　　\*

(3) for the recovery from the party in fault such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other;

\*　　　\*　　　\*

which could be satisfied in lieu of money payment, by conveyance of the property.

Similarly, Dyndul v. Dyndul, supra, concerned the scope of authority of the district court for the Virgin Islands to distribute real property in a divorce action. The husband and wife owned three properties jointly: a homestead, by the entireties; land in Florida; and a home in Wisconsin. The district court granted a divorce, ordered the husband to pay alimony to the wife, gave the wife exclusive possession of the homestead, and ordered the wife to "quitclaim" her interest in the Wisconsin and Florida properties to the husband. The wife appealed the last part of this order, claiming that the result was inequitable because of the failure of the court to state adequate reasons for its decision. Rather than reach this issue we found a more fundamental problem with the district court's action—lack of statutory authority to make the distributions "other than the homestead." 541 F.2d at 133. We later stated that "the only authority the legislature has seen fit to bestow on divorce courts is the power to award a homestead." Id. at 134.

We find that neither of these cases controls the instant appeal. We agree with the district court that our remarks in Dyndul were dicta. Although, as appellant contends here, a court of appeals always may review questions of jurisdiction sua sponte, even if both parties accede to the court's power to hear the suit, we note that our silence on the matter of jurisdiction in Dyndul should not be read as a statement on that issue.

■ We also agree with the district court that Knowles v. Knowles is distinguishable. The most obvious difference between Knowles and the instant case is that the court in Knowles also ordered the payment of a lump sum award to the wife from the husband—the party at fault —which could be satisfied by the conveyance of an interest

in the homestead. This was clearly authorized by 3 V.I. Code Ann. tit. 16, § 109(c) (1964). That option is not open in this case, however. Section 109(c) is based on a fault concept and the district court found no fault here with either party. Moreover, the homestead property in Knowles was owned solely by the husband. In this case, however, the property was held by the entireties. Under Virgin Islands law, such property automatically becomes a tenancy in common upon divorce. See 4A V.I. Code Ann. tit. 28, § 7(d) (1975).[6] Therefore, the district court reasoned in the instant case that section 2305(d) could not provide authority to distribute the homestead held by the entireties because such property vested in the parties as tenants in common by statute.

Because the result in this case is not controlled by any precedent, we must independently analyze section 2305 (d) to determine if it provides the district court with jurisdiction over the homestead.

Facially, there seems to be no question that section 2305(d) gives a divorce court power over a homestead. A problem is raised, however, by its placement in the Virgin Islands Code in the title on "Taxation and Finance." This is not a logical place to find a grant of jurisdiction to a divorce court, especially when the Code contains detailed provisions dealing with divorce. Furthermore, a reading of the whole text of section 2305 shows that it is primarily concerned with determining who shall receive the benefit of a tax exemption on the homestead. The language in section 2305(d) may therefore have a narrow meaning—merely an authorization for the divorce court to determine which spouse is entitled to the homestead exemption. This argument and the existence of section 7(d) of title 28 of

---

[6] Section 7(d) provides that "[u]pon the divorce or annulment of the marriage of a husband and wife they shall become tenants in common as to any real property held by them as tenants by the entirety." 4A V.I. Code Ann. tit. 28, § 7(d) (1975).

the Code led the district court to conclude that section 2305(d) was not a grant of power to the district court to actually dispose of the homestead itself. For a number of reasons, we hold that this view is incorrect and that section 2305(d) provides a divorce court with power to distribute the homestead.

(1) The language of section 2305(d) is straightforward and not responsibly susceptible on its face to any interpretation other than that the divorce court has power to dispose of the homestead. This view is reinforced by comparing the language of that part of the section dealing with divorce with the language of the remainder of section 2305(d). The section deals with three contingencies which might affect the legal relationships of the parties to a marriage to a homestead: first, the death of the titular owner of the property; second, abandonment of the premises by either of the spouses; and third, divorce. As to both death and abandonment, the language addresses continuation of the "homestead protection and exemption"; as to divorce, the section specifically empowers the court to *dispose* of the "homestead."[7] Given this distinction it is unlikely that the use of the term "homestead"—defined as the abode—instead of the terms "homestead exemption" is a liguistic error. See Knowles v. Knowles, supra, 354 F.Supp. at 243.

(2) The language of section 2305(d) dealing with divorce would serve little purpose unless given its plain meaning, for ordinarily the task of determining the right to the exemption is tied directly to who has title to the property. If section 2305(d) is read to empower the court merely to distribute the homestead exemption, without power to affect the relative property rights to the homestead itself, situations would likely develop in which one spouse owned the property while the other spouse owned

---

[7] See n.1, supra.

the exemption. Similarly, divorce could lead to the establishment of separate homesteads by each of the spouses, obviating any exercise of power by the divorce court. In view of these considerations, the legislature might well have decided that the most equitable manner of distributing the exemption was through control over the disposal of the homestead itself. See Knowles v. Knowles, supra, 354 F.Supp. at 243.

(3) The local rules of construction for the Virgin Islands establish that the classification and organization of the parts of the Virgin Islands Code are merely for the convenience of the reader, and that "no implication, inference or presumption of a legislative construction" should be drawn from the placement in the Code of any section. 1 V.I. Code Ann. tit. 1 § 44 (1967) ; see 1 V.I. Code Ann. tit. 1 § 45(a)(2) & (3) (1967) (descriptive headings and catchlines do not "constitute part of the law"). The negative inference drawn by the trial court from the placement of section 2305(d) does not mandate rejection of that section as a jurisdictional grant.

(4) Finally, equitable considerations compel us to believe that section 2305(d) was meant to authorize the district court to dispose of the homestead. This power would help to prevent disparate treatment of couples whose property is real estate and not personalty. It would provide the courts with power to make settlements of property when neither party is at fault. It could prevent injustice to a spouse who has contributed to the purchase and repair of the marital abode, but who, for one reason or another, has not been named as a co-owner of the property. See Knowles v. Knowles, supra, 354 F.Supp. at 244. Allowing the divorce court such power has the laudatory purpose of effectuating efficiency by consolidating in one action what would ordinarily require the time and expense of two. Moreover, it appears to us that for at least five years the

district courts of the Virgin Islands have taken the view that section 2305(d) provides dispositional power over the homestead. We are mindful that a contrary opinion by us, given our language in Dyndul v. Dyndul, could have chaotic effect on the title of land distributed pursuant to the Dyndul/Knowles/Smith line of cases. That the legislature of the Virgin Islands has not acted to change this interpretation of section 2305(d) further fortifies our conclusion.[8]

### III.

■ Accordingly, we hold that section 2305(d) of title 33 of the Virgin Islands Code empowers a divorce court of the Virgin Islands to dispose of homestead property held by the entireties. That portion of the order of the district court refusing to dispose of the homestead will be reversed. The case will be remanded to the district court for a determination of whether the property at 18-B Estate Tutu is homestead property and for further proceedings not inconsistent with this opinion.

Each party will bear his/her own costs.

---

[8] Our interpretation undercuts the second basis for the district court's refusal to dispose of the property, the conflict of section 2305(d) with section 7(d) of title 28 of the Code. See n.6, supra. The two sections may be read in pari materia so that as to homestead property owned by the entireties, section 2305(d) will prevail, and as to any other property owned by the entireties, section 7(d) will prevail.