**ROSLYN ROBERTS, Plaintiff**

v.

**ELROY ROBERTS, Defendant**

Family No. D 182/90

Territorial Court of the Virgin Islands

Div. of St. Croix

April 5, 1991

G. LUZ A. JAMES, ESQ., St. Croix, V.I., *for plaintiff*

GEORGE W. CANNON, JR., ESQ., St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Does a house owned and occupied by a married couple but built on land owned by a third party qualify as a homestead for purposes of making an equitable distribution in a divorce case? The Court concludes that such a dwelling does not constitute a homestead.

*Facts*

Roslyn and Elroy Roberts were married on March 10, 1971. In 1980 they began to construct a concrete block house at 2 Lagoon Street, Christiansted. The land was owned by the plaintiff's mother, Jessica Tutein Moolenaar, and title has never been transferred to either of the parties. The plaintiff and the defendant each contributed to the construction of the home, and they both lived in it with

93

their two children from 1981 until the plaintiff went to the mainland sometime before December, 1989.

The defendant seeks an equitable distribution of the residence, claiming a 75 percent interest based upon his input of money and labor. The plaintiff argues not only that Mr. Roberts' contributions were substantially less than he claims but also that the residence does not constitute a homestead because neither the husband nor the wife owns the land upon which the house is built.

The rather spare record in this case suggests that the parties contributed equally to the construction and maintenance of the house. While she did not actually do the work, Roslyn Roberts did invest money in the construction. In addition, her mother gave the parties $1,500.00 to complete the roof, and her father, Halvar Moolenaar, a retired contractor, instructed Elroy Roberts in the performance of the work. The Court finds that the contributions of the parties are substantially equal, so that they each have a 50 percent equitable interest in the dwelling. The more difficult question is whether the Court now effect a distribution of the interests as they have been determined.

*Discussion*

■■ Consistent with the majority rule, the power of a Virgin Islands divorce court to divide real property is prohibited in the absence of express statutory authorization. Dyndul v. Dyndul, 13 V.I. 376, 541 F.2d 132 (3d Cir. 1976); Knowles v. Knowles, 9 V.I. 360, 354 F. Supp. 239 (D.V.I. 1973). "The only authority [to distribute real property] the legislature has seen fit to bestow on divorce courts is the power to award a homestead." Dyndul, supra at 134. Tit. 33 V.I.C. § 2305(d) provides, in relevant part: "in the case of a divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case." A homestead is defined in § 2305(a) as "the abode including land and buildings, owned by, and actually occupied by, a person, or by members of his family free of rental charges."

This grant of jurisdiction to a divorce court might better be found in the comprehensive divorce statute, 16 V.I.C. §§ 101 et seq., rather than its actual location in a title concerning taxation and finance. Other than the brief phrase empowering a divorce court to make an equitable distribution of the homestead, the primary focus of § 2305 is on who shall receive the benefit of a tax exemption on the homestead. The placement of a statutory enactment in any particular

place in the Virgin Islands Code, however, is merely for "convenient reference and orderly arrangement, and no implication, inference, or presumption of a legislative construction shall be drawn therefrom." 1 V.I.C. § 44; Todman v. Todman, 15 V.I. 518, (D.C.V.I. 1978). See also Knowles v. Knowles, 9 V.I. 360 (D.C.V.I. 1973).

■ The legislative history of § 2305 is not available, because the Virgin Islands Legislature did not transcribe its floor debates in 1962, when the statute was enacted. Todman v. Todman, 13 V.I. 599, 604 (D.C.V.I. 1977), reversed 15 V.I. 518, 571 F.2d 149 (3d Cir. 1978). However, the declaration of the policy of § 2305, also known as the Joseph Gomez Homestead Exemption Act, is clearly stated:

> It is hereby declared that the public policy of this Act is to establish homestead protection through exemption from the payment of real property taxes. This homestead protection is hereby established in view of the fact that it is within the province of the Government to provide all necessary facilities in order that citizens may keep their homesteads. The public policy is hereby established that the property where the homestead is constituted shall enjoy ample protection by law, not only in regard to freedom from attachment and foreclosure by private persons, but also by the Government itself, which has a justifiable interest in seeing that citizens keep their homesteads and enjoy proper housing.

Section 1 (Sess. L. 1962, p. 71) of Act March 15, 1962, No. 834. Nonetheless, the statute, construed according to its plain meaning, confers a broad grant of equitable authority to the divorce court. Stridiron v. Stridiron, 698 F.2d 204 (3d Cir. 1983); Charles v. Charles, 788 F.2d 960, 963 (3d Cir. 1986).

■■ "The function of this court is to construe the statutory language so as to give effect to the intent of the Virgin Islands Legislature." Marsh v. Government, 13 V.I. 585, 590 (D.C.V.I. 1977). Without legislative guidance, the Court must determine the effective meaning of the term homestead, defined as "the abode including land and buildings, owned by, and actually occupied by, a person, or by members of his family free of rental charges." 33 V.I.C. § 2305(a). The defendant's view is that the homestead is the marital residence whether or not both the land and the dwelling are actually owned by the parties. A more practical interpretation would seem to be that the homestead is the abode, which in turn is the land *and* the build-

ings on it. Put another way, a homestead for § 2305 purposes must meet a three-pronged test: (1) it must be the place where the party or parties actually live, Kirby v. Kirby, 14 V.I. 601 (Terr. Ct. St. C.), (2) the land must be owned by at least one of the parties and (3) the buildings on the land must be owned by at least one of the parties. Absent any of these essential elements, there is no homestead for statutory purposes and the divorce court does not have authority to effect an equitable distribution under § 2305.

The apparent intent of § 2305(d) is consistent with the law otherwise pertaining to superficiary dwellings. In 1960, the Legislature authorized the Governor to acquire land for the settlement of superficiary house owners on St. Thomas under an urban renewal program. The enabling act defined the term "superficiary house" as "a property in which title to the land is vested in one owner and title to the building is vested in a separate owner." Section 1, Act January 25, 1960, No. 521, Sess. L. 1960.

 The common law rule is that a superficiary structure is a part of the land on which it is erected and therefore becomes the property of the owner of the land. However, where the landlord gives express or implied consent, the tenant retains ownership of the building as personalty. This exception generally applies to buildings which are reasonably capable of removal, such as small wooden structures. Nicholson v. Altona Corporation, 320 F.2d 8, 10 (3d Cir. 1963); Myers v. Canton, 426 F.2d 462, 465 (3d Cir. 1970).

> [T]he law of the Virgin Islands with respect to superficiary houses may be stated as follows: When a person, e.g., a tenant, who is lawfully entitled or permitted by the owner to occupy a piece of land erects thereon or removes thereto a dwelling house the house (unless otherwise agreed) remains his personal property, even though annexed to the land, and does not become a part of the land or the property of the landowner. Correlatively, when the owner of a superficiary house vacates the land, either at his own option or because his tenancy or permission to occupy it has been terminated, it becomes his duty to remove the house from the land. If for any reason he fails to do so within a reasonable time he thereby relinquishes his ownership of the house to the owner of the land upon which it has been left. The latter thereafter may deal with the house in any way he sees fit without incurring any obligation to account to its former owner for its value, use or destruction.

Nicholson v. Altona Corp., supra at 11.

In Nicholson, the plaintiff had built a concrete house on the defendant's land and paid a monthly rent of $2.00. The plaintiff tenant was evicted by the Municipal Court, and the District Court ordered that the defendant landowner pay $2,500.00 as the value of the house, which the defendant had demolished. The Third Circuit reversed, noting that the tenant had the duty to remove the superficiary house at the end of her tenancy, and her failure to do so extinguished any property rights she had to the structure. Curiously, the Court of Appeals expressly declined to consider "whether [the failure to remove the structure] was because the building was not removable as a practical matter, because its removal would involve unjustified expense or for some other reason." 320 F.2d at 11.

■ Here, the defendant's request for an equitable distribution of the homestead under 33 V.I.C. § 2305 must be denied. The marital dwelling does not constitute a homestead for § 2305 purposes. The dwelling is not real property but personal property. Aside from the particular statute in question, the general common law rule is that a homestead is something incidental to an interest in land. In re Foley, 97 F.Supp. 843 (D.C. Neb. 1951). Even if § 2305 could be interpreted to require something less than actual ownership of the land upon which the marital home is located, still the parties here have no interest in the real property. They are not lessors but merely tenants by sufferance.

■ Because the marital residence is personalty, it does not constitute a homestead and cannot be distributed pursuant to 33 V.I.C. § 2305 (d). What remains to decide is how to dispose of the residence in a way that is faithful to the law and fair to both parties. Tit. 16 V.I.C. § 109(4) provides that a divorce decree may provide "for the delivery to the wife of her personal property in the possession or control of the husband at the time of giving the judgment." To avoid the obvious constitutional infirmities of the statute in its literal form, § 109(4) has been interpreted in a gender-neutral fashion which permits the Court to deliver personal property to either spouse. Morris v. Morris, 20 V.I. 249 (Terr. Ct. St. T. and St. J. 1984).

The plaintiff and the defendant have made equal contributions to the construction and maintenance of the residence, so that neither is entitled to the "delivery" of the structure. Likewise, it would seem to be unrealistic to physically divide the building into two halves. Because the concrete and cinder block house evidently cannot be moved

as a practical matter, and because the building is situated on the land of the plaintiff's mother, the most equitable solution would be to require the parties to obtain an appraisal of the dwelling, independent of the real property on which it sits, and to require the plaintiff to pay the defendant his proportionate interest within a reasonable time.

The record has not been developed as to the litigants' views on the best way to deal with the residence as personal property. Whether or not they can reach an amicable resolution at this point is questionable, but they should have the opportunity to do so before a resolution is imposed upon them. Therefore, the plaintiff and defendant shall report to the Court within thirty days as to whether they have been able to agree and, failing such agreement, a further hearing shall be scheduled on the issue of the distribution of the marital residence as an item of personal property.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the superficiary house and marital dwelling owned by the parties and located at 2 Lagoon Street, Christiansted, St. Croix is determined not to be a homestead which may be equitably distributed pursuant to 33 V.I.C. § 2305; and it is further

ORDERED that the parties shall report to the Court within thirty days as to whether they have been able to agree on the distribution or delivery of the marital residence as an item of personalty, pursuant to 16 V.I.C. § 109(4), failing which agreement a further hearing shall be scheduled on that issue.