ROY AMICK, Mayor, and C. A. THOMAS, WILLIAM GOODWIN, J. Q. ADAMS and JOHN ERLEWINE, constituting and being the Mayor and Town Council of the Town of Glendo, Wyoming, a Municipal Corporation,

*Plaintiffs and Respondents.*

**vs.**

C. K. ELWOOD,

*Defendant and Appellant.*

(No. 2783; September 10th, 1957; 314 Pac. (2d) 944.)

For the defendant and appellant the cause was submitted upon the brief and also oral argument of William G. Watt of Wheatland, Wyoming.

For the plaintiffs and respondents the cause was submitted upon the brief of Jones & Jones of Wheat-

land, Wyoming, and oral argument by Mr. William R. Jones.

Heard before Blume, C.J., Harnsberger and Parker, J.J.

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the court.

This case involves an action to quiet title to the following property:

"A tract of land in the Southeast quarter of the Northwest quarter of Section 9, Township 29 N. Rg. 68 W. 6th P. M., in Platte County Wyoming, more particularly described as follows:

"Beginning at the Northwest corner of the SE¼ of NW¼ of said Sec. 9, Twp. 29 N. Rg. 68 W. 6th P.M. thence along the North line of the SE¼ of NW¼, South 89°7' East, 676.43 feet; thence South 0°05' East 639.54 feet; thence South 89°55' West 673.87 feet; thence along the West line the SE¼ of NW¼

0°18' West, 650.96 feet to the point of beginning, containing 10 acres."

The plaintiffs in paragraph 2 of the petition alleged that they were the owners and in possession of the property above described "in trust to be delivered to the United States, Department of Interior, Bureau of Reclamation, at the proper time." It was further alleged that the defendant Elwood claimed an interest in the property and plaintiffs prayed that title to the property be quieted in the plaintiffs against such claim of the defendant. After a motion to make the petition more specific and a demurrer to the petition were overruled, the defendant answered denying the allegations of paragraph 2 of the petition, and further alleged that he had a lien on the property involved herein by reason of a judgment against O. J. Leech. The trial court found in favor of the plaintiffs and entered judgment quieting the title in the plaintiffs and from that judgment the defendant Elwood has appealed.

It appears that defendant Elwood obtained a judgment against O. J. Leech on December 18, 1939, and that the judgment was kept alive by reason of issuance of executions thereon. On October 14, 1952, Agnes M. Austin, a widow, quitclaimed to O. J. Leech and Edith M. Leech a life estate in the above described property. The Leeches at that time were husband and wife, which is denied by counsel for the defendant in his brief filed in this court. But it appears in the record that the parties at the trial of this case stipulated as follows:

"It is hereby stipulated between the counsel for respective parties that there may be received in evidence defendant's Exhibit 2 which is a quitclaim deed from Agnes M. Austin to O. J. Leech and wife Edith M.

Leech, dated October 14, 1952, for the land therein described."

The court stated:

"The stipulation was as to this deed by which Oral Leech and his wife have taken this property?"

Counsel for defendant Elwood answered: "Yes."

We take it, accordingly, that at the date of the deed O. J. Leech and Edith M. Leech were husband and wife, hence holding the property by the entirety. Peters v. Dona, 49 Wyo. 306, 54 P.2d 817.

Roy Amick, mayor of the town of Glendo, was the only witness in this case. It appears from his testimony that the town council of Glendo acquired the interest of Agnes M. Austin in the property involved. It further appears that Edith M. Leech and O. J. Leech quitclaimed the foregoing property to the town council of Glendo on November 1, 1955. Counsel for defendant Elwood now claims in his brief that the deed from the Leeches was never introduced in evidence. But the record shows the following:

"Mr. Jones: I would like to offer in evidence plaintiff's Exhibit A, quitclaim deed from Mr. and Mrs. Leech to the Town Council of Glendo together with the endorsement."

Counsel for defendant Elwood objected on the grounds that the deed was incompetent, irrelevant and immaterial and that the town council was not legally authorized to receive the deed. The court overruled the objection. While it did not state specifically that the deed was admitted in evidence, the overruling of defendant's objection was to that effect.

The details of the holding of the title by the town council of Glendo are not altogether clear. We gather the facts to be substantially this: The Federal Bureau of Reclamation wanted the property in question for the purpose of erecting buildings thereon. The town council undertook to acquire the property for the Bureau. The money required for that purpose was raised by subscription among the citizens of Glendo. It appears from the testimony of Mr. Amick that the Bureau in return for the property, with good title, would give, in consideration for such title, as Mr. Amick stated, "Seventy-five thousand dollars worth of goods", that is to say it would give credit for $75,000 on a sewer system for the entire town of Glendo. Counsel for the defendant at the trial claimed that the town council took the title because the Leeches were unable to give good title, by virtue of the lien which the defendant had and that the town council acted beyond the scope of its authority in attempting to act as trustee for acquiring good title for the benefit of the Federal Bureau of Reclamation, that is to say its action was ultra vires.

Section 29-430, W.C.S. 1945, provides:

"The town council of any such town, in its corporate capacity, shall have the following powers:

\* \* \* \*

"To purchase, receive by donation or otherwise, and to hold real and personal property for the use of the town, and to sell and convey any real or personal property, and to make such orders respecting the same, as may be conductive (conducive) to the best interests of the town."

The power granted is broad and comprehensive. It is difficult to see that the act of the town council mentioned above should be ultra vires, where the town re-

ceived goods or credit in the sum of $75,000 for the benefit of the town for a proper purpose.

The subject of ultra vires actions of corporations generally is treated in 19 C.J.S. p. 419 and subsequent pages. Ultra vires acts of municipalities is considered in 63 C.J.S. p. 594 and subsequent pages. In 19 C.J.S. § 981, p. 441, it is stated:

"A most important general principle connected with the subject of the validity of corporate transactions, and one which arises above the mere principle of estoppel, is that whether a corporation has acted without authority or has abused its authority or has acted in contravention of law, ordinarily cannot be set up collaterally by individuals, but can be set up only by the state in a direct proceeding for that purpose."

The attack herein is a collateral attack. Some exceptions are mentioned in 19 C.J.S. § 981, p. 443, which are applicable at least where the attack is direct and it is there stated that a creditor may not attack any ultra vires acts of the corporation, when "the other party to the contract would be precluded from attacking the transaction as ultra vires." Nothing appears that the Leeches, the other parties to the transaction herein, could impeach it. Neither the pleadings nor the evidence in this case disclose that the defendant is a taxpayer of Glendo. Hence his only right or interest, if any, which would warrant him in attacking the transaction would be that he has in fact a lien on the property as he claims. We shall presently show that he has no such lien. The attack on the power of the town council could not subserve any particular useful purpose. If the defendant had a lien, he could enforce it whether the town council usurped its authority or whether it did not. The lack of authority mentioned could not add to or take away from whatever strength

defendant's lien might have. The vital point herein is whether or not defendant had an enforceable lien. The attack on the power of the town council by the demurrer cannot be sustained.

Counsel for defendant seems to contend that the plaintiffs in this case are not in possession of the property and cannot accordingly bring an action to quiet title under § 3-7003, W.C.S. 1945, providing that the action may be brought by a person in possession by himself or tenant. The question of possession in this case is not at all clear. The town council has no buildings on the property, but it seems that the Federal Bureau of Reclamation has some buildings on at least part of it. It is clear that the defendant is not in possession. The question before us was considered at considerable length by Mr. Justice Kimball in Ohio Oil Co. v. Wyoming Agency, 63 Wyo. 187, 207, 179 P.2d 773, 779. In that case the plaintiff bringing an action to quiet title was not in possession. It was there pointed out that the rule requiring actual possession by plaintiff is based on the availability of full protection through an action in ejectment or its statutory substitute; that an action to quiet title is essentially one for declaratory judgment and that where no relief can be granted in an action provided by law, equity must not hesitate to protect property rights. It is not at all clear that the Federal Bureau of Reclamation could have brought an action to quiet title. No action in ejectment against the defendant was available. The town council of Glendo had title and it undertook, it seems, to give the Federal Bureau of Reclamation a good title. The latter, while not exactly a tenant, occupied a position analogous thereto, and it has been held that is sufficient to enable the owner to bring an action to quiet title under a statute such as ours. 74 C.J.S. § 32, p. 59. A case closely in point is Bigelow

v. Brewer, 29 Wash. 670, 70 P. 129. So the instant contention must be overruled.

We come then to the last question, that is to say whether or not Elwood had a lien against the property involved which is enforceable as against the conveyance made by O. J. Leech and his wife to the plaintiffs. We discussed the matter of an estate by the entirety at length in the case of Ward Terry and Company v. Hensen, Wyo., 297 P.2d 213. We held that a lien against the husband alone on property held by the entirety is not enforceable during the life of the wife. We did not, however, discuss the situation arising when a husband and wife convey the property to a third party. It is stated in 41 C.J.S. § 34, p. 473, "that a conveyance by the husband and wife jointly passes title to the property clear of any claim of creditors of the husband." The text, if correct, disposes of the contention herein. It is supported by a number of authorities, and if it be thought that the rights of the wife are too great, the legislature can furnish a remedy. A leading case on the subject is Beihl v. Martin, 236 Pa. 519, 84 A. 953, 42 L.R.A.N.S. 555. In that case the court reasons, and we think correctly in the absence of a statute to the contrary, that the wife has the right to dispose of the property with the consent of the husband, and that if she could do so only subject to a judgment against the husband, her rights would be curtailed, and that the law does not allow that. The court in Hurd v. Hughes, 72 Del.Ch. 188, 109 A. 418, reasons likewise. A syllabus in that case states:

"Where the husband and wife jointly convey the title to property held by them as tenants by the entireties, the title to the property passes clear of any claim of judgment creditors of husband, so that a judgment against the husband does not render the title defec-

tive, or defeat the right to a specific performance of the contract to convey such property."

In Johnson v. Leavitt, 188 N.C. 682, 125 S.E. 490, 491, the court stated:

"The single question presented by this appeal is whether W. P. Benner and wife, Bettie F. Benner, who holds lands as tenants by the entirety, can convey the same free and clear of judgment liens docketed against W. P. Benner in the county where the lands are situated. His honor below was of the opinion that they could and entered judgment accordingly. We are of the same opinion, and the judgment will be affirmed. The exact question was decided in Hood v. Mercer, 150 N.C. 699, 64 S.E. 897. See also, Harris v. Distributing Co., 172 N.C. 14, 89 S.E. 789, Ann.Cas. 1918C, 329, and Davis v. Bass, 188 N.C. 200, 124 S.E. 566, and cases there cited."

The town council of Glendo accordingly acquired title to the property here involved by the conveyance of O. J. Leech and wife free and clear of the lien of the judgment against O. J. Leech. The court accordingly correctly entered judgment quieting the title of plaintiffs against defendant. The other points argued are not of importance. The judgment is affirmed.

Affirmed.