**Mary W. GOLDEN, Appellant,**

v.

**GLENS FALLS INDEMNITY COM-PANY, Appellee.**

**GLENS FALLS INDEMNITY COM-PANY, Appellant,**

v.

**Mary W. GOLDEN, Appellee.**

**Nos. 13793, 13801.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 8, 1957.

Decided Dec. 12, 1957.

Petition for Rehearing In Banc Denied Jan. 7, 1958.

Mr. Francis W. Hill, Washington, D. C., with whom Mr. William F. Becker, Washington, D. C., was on the brief, for appellant in No. 13793 and appellee in No. 13801.

Mr. Edward Gallagher, Washington, D. C., with whom Mr. Robert W. Mc-

Chesney, Jr., Washington, D. C., was on the brief, for appellee in No. 13793 and appellant in No. 13801.

Before BAZELON, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

■ Theodore Golden, executor of a decedent's estate, misappropriated funds therefrom in the net amount of $25,-075.47. His surety, having indemnified the estate, brought this suit in equity against Golden and his wife, Mary, to reach his interest in a home they had purchased in the District as tenants by the entirety. Mr. Golden died before trial. The court found that "of the contribution made by the husband the sum of $3,434.78 can be traced as being a part of the proceeds of the misappropriations committed by him." Judgment was entered in that amount in the form of a lien on the real estate.

■ Mrs. Golden appeals in No. 13793 primarily on the ground that her right of survivorship to her husband's interest may not be impaired by any lien for his defalcations because, not having been aware of his defalcations, she is an innocent purchaser for value of that right. We agree with the District Court that her innocence cannot save his interest from a lien for misappropriated funds which can be distinctly traced from the trust estate and through his commingled funds into the property. Long v. Earle, 1936, 277 Mich. 505, 269 N.W. 577; Wilkins v. Wilkins, 1940, 144 Fla. 590, 198 So. 335, 337. We also agree with the District Court that the record does not support her claim that she became a bona fide purchaser for value of her husband's interest by transferring certain worthless securities to him before he died. Her other claims are equally without merit.

■ The surety's counter-appeal, No. 13801, seeks priority over the wife's right of survivorship to her husband's interest in an amount beyond what can be traced into the property. While a malfeasant may have the burden of distinguishing his commingled funds, neither authority nor logic calls for extending that burden to the innocent survivor of a tenancy by the entirety.

No. 13793 Affirmed.

No. 13801 Affirmed.