**MASONRY PRODUCTS, INC.**

v.

**HARRY TEES, Appellant**

**BOYCE CONSTRUCTION SUPPLIES**

v.

**HARRY TEES, Appellant**

Civil Nos. 20-1968—21-1968

District Court of the Virgin Islands
Div. of St. Croix

Argued February 15, 1968

YOUNG & ISHERWOOD (ROBERT M. CARNEY, ESQ., of counsel), Christiansted, St. Croix, Virgin Islands, *for plaintiff*

FRANCISCO CORNEIRO, Attorney General, *for defendant*

ALPHONSO A. CHRISTIAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

JAMES, HODGE & TONKIN (RONALD H. TONKIN, of counsel), Christiansted, St. Croix, Virgin Islands, *for appellant*

MARIS, *Circuit Judge*

These are appeals by the defendant Harry Tees from identical orders of the Municipal Court in each of the above cases denying his motion to enjoin the Marshal of the Municipal Court from selling at public auction the real property known as Plot No. 3-0 Catherine's Rest, St. Croix, to satisfy the judgments recovered against the defendant Harry Tees in these cases.

■ It appears that the real property about to be sold under writs of execution was conveyed to Harry J. Tees and Olive Tees by Frank Wiesner by deed dated July 27, 1964 and duly recorded in the Recorder's Office in St. Croix. The deed neither recited that Harry J. Tees and Olive Tees were husband and wife, nor by express language purported to convey an estate by the entirety. The fact is, however, as stipulated by the parties at bar, that Harry J. and Olive Tees were then and are now married to each other. Whether the deed of July 27, 1964 conveyed the real property in question to them as tenants by the entirety or as tenants in common is the first question which these appeals raise.

Section 7 (c) of Title 28, V.I.C., provides as follows:

"(c) A conveyance or devise of real property to husband and wife jointly creates an estate by the entirety unless otherwise provided in the deed or will."

■ By the deed of July 27, 1964 the Grantor conveyed "unto Grantees, their heirs and assigns," the real property involved "To Have and To Hold the said described premises unto the said Grantee(s), and their heirs, in fee simple forever." No other words describing the nature of the estate intended to be conveyed were included. However, by the express terms of the statute, in the absence of language indicating a contrary intent the conveyance, being to husband and wife jointly, i.e., as grantees of the same prop-

erty joined as such in the same deed, must be construed as conveying the property to them as tenants by the entirety and not as tenants in common. In this regard our statute is in accord with the overwhelming weight of authority in the United States. See II American Law of Property, 1952, § 6.6; Davidson v. Eubanks, 1945, 354 Mo. 301, 189 S.W.2d 295, 161 A.L.R. 450, and the annotation to that case, 161 A.L.R. 457, 466–469. Likewise it has been held that it is the fact that the grantees are husband and wife, and not the recital of that fact in the deed, which determines the nature of the estate conveyed. Thornburg v. Wiggins, 1893, 135 Ind. 178, 182, 34 N.E. 999, 1000; Armondi v. Dunham, 1927, 221 App. Div. 679, 225 N.Y.S. 87, aff. 248 N.Y. 603, 162 N.E. 542; Amick v. Elwood, 1957, 77 Wyo. 269, 314 P.2d 944. We are accordingly constrained to hold that the deed of July 27, 1964 conveyed to the defendant and his wife an estate by the entirety even though neither a recital of the fact of marriage nor any express language to create such an estate were included in the deed.

■■ We come then to the second question which these appeals raise, namely, whether the interest of defendant, Harry Tees, as a tenant by the entirety in the property in question is subject to execution at the instance of his judgment creditors. When an estate by the entirety is created the spouses, by reason of their legal unity by marriage, are deemed by the common law to take the whole estate as a single person with the right of survivorship so that if one dies the entire estate belongs to the other by virtue of the title originally invested. 26 Am. Jur., Husband and Wife, §§ 66 et seq. See, also, Phipps, Tenancy by Entireties, 1951, 25 Temple L.Q. 24. At common law the interest of a husband in property held by the entirety, in his own right and jure uxoris, was subject to the satisfaction of his

individual debts, subject to the contingency that if the wife survived him she would be entitled to the whole estate. II American Law of Property, § 6.6b; 2 Tiffany, Real Property, 3d ed., § 434; annotation 166 A.L.R. 969, 971. This common-law rule has, however, been modified as a result of the enactment of the Married Women's Property Acts under which the property of a married woman is not subject to the debts or contracts of her husband and may be managed, sold, conveyed or devised by her to the same extent and in the same manner as property belonging to her husband may be dealt with by him. Accordingly most American jurisdictions which recognize the estate by the entirety now hold that a creditor of an individual spouse cannot reach the spouse's interest in an estate held by the entirety during the joint lives of the spouses and that if the debtor spouse dies first the surviving spouse takes the entire estate free from the debts of the deceased. Citizens Savings Bank v. Astrin, 1948, 44 Del. 451, 61A.2d 419; Golden v. Glens Falls Indemnity Company, D.C. Cir. 1957, 250 F.2d 769; Hunt v. Covington, 1941, 145 Fla. 70, 200 So. 76; Pension Fund of Disciples of Christ v. Gulley, 1948, 226 Ind. 415, 81 N.E.2d 676; Kolker v. Gorn, 1949, 193 Md. 391, 67 A.2d 258; Nurmi v. Beardsley, 1936, 275 Mich. 328, 266 N.W. 368; Otto F. Stifel's Union Brewing Co. v. Saxy, 1918, 273 Mo. 159, 201 S.W. 67; Hood v. Mercer, 1909, 150 N.C. 699, 64 S.E. 897; Bloomfield v. Brown, 1942, 67 R.I. 452, 25 A.2d 354, 141 A.L.R. 170; Town of Corinth v. Emery, 1891, 63 Vt. 505, 22 A. 618; Vasilion v. Vasilion, 1951, 192 Va. 735, 66 S.E.2d 599; Amick v. Elwood, 1957, 77 Wyo. 269, 314 P.2d 944. And see cases cited in note to King v. Greene, 1959, 30 N.J. 395, 153 A.2d 49, 75 A.L.R.2d 1153, at pp. 1175 et seq.

 It is true that in a few American jurisdictions in which estates by the entirety are recognized the courts have held that the interest of a husband in such an estate

is still subject to the claims of his individual creditors during the joint lives of the spouses, qualified only by the possibility that the wife may become entitled to the whole estate upon surviving him. See King v. Greene, 1959, 30 N.J. 395, 153 A.2d 49, 75 A.L.R.2d 1153, and cases cited in the note to that case at p. 1183. This, however, is very much a minority view and we are satisfied that it runs directly counter to the basic common-law concept of the estate by the entirety which is that it is based upon the legal unity of the spouses as if they constituted a juristic third person, with the property being held by each spouse seized of the whole and not of a share or divisible part. As we have pointed out above it is the view of the great majority of those American jurisdictions which recognize the estate by the entirety that since the enactment of the Married Women's Property Acts this unity of estate is indestructible by the unilateral act of either spouse so long as the marriage subsists. With this view we agree and since it represents the common-law rule as generally understood and applied in the United States it must be regarded as the rule in this territory in the absence of local law to the contrary. 1 V.I.C. § 4. It is clear that the local law of the Virgin Islands is not to the contrary. For the estate by the entirety was not known in the Virgin Islands until September 1, 1957 when it was introduced by title 28, § 7, of the Virgin Islands Code. At that time the Virgin Islands Married Women's Property Act, 16 V.I.C. §§ 68, 69, which had been enacted by the Colonial Councils as Title II, ch. 14, §§ 1 and 2, of the 1921 Municipal Codes, had been in force for more than 35 years. Title 28, § 7, of the Virgin Islands Code did not define the nature and incidents of the estate by the entirety the creation of which it authorized, however, and thus necessarily left them, pursuant to Title 1, § 4, V.I.C., to the common-law rules generally applied

in those American states which recognize the estate by the entirety and in which Married Women's Property Acts are in force. For this reason, also, the majority view of those states, which holds that a creditor of one spouse may not reach his interest in property held by the entirety while both spouses are alive, must be regarded as the law of this territory. It follows that the interest of the defendant, Harry Tees, in the real property which he and his wife hold as tenants by the entirety is not subject to seizure and sale under the judgments rendered against him alone in these cases.

A judgment will accordingly be entered in each case reversing the order of the Municipal Court and remanding the cause with directions to enter an order staying the sale in question.