## THOMAS MODESTE, Plaintiff
### v.
## ALBERT E. BENJAMIN, ANNA F. BENJAMIN, and MARSHAL ALFRED E. FRANCIS, in his capacity as U.S. Marshal, Defendants

Civil No. 81-57

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 3, 1981

---

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*

JOSEPH BRUCE WM. ARELLANO, ESQ. (ROGER L. CAMPBELL Law Offices), St. Thomas, V.I., *for defendant Anna Benjamin*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

The cross-motions of the parties for summary judgment, Fed. R. Civ. P. 56, are presently before the Court. As there is no genuine issue as to any material fact, the cause is ripe for summary judgment, and the same will be granted in favor of the plaintiff.

This action was brought by the plaintiff for the purpose of obtaining a declaratory judgment that one-half of the real property described as Parcel No. 8-50 Estate Lerkenlund, No. 9 Great Northside Quarter, St. Thomas, Virgin Islands (hereinafter "Property"), is subject to execution of a judgment entered against Albert Benjamin

on June 29, 1977, and recorded in the office of the St. Thomas Recorder of Deeds on April 14, 1980. The defendant Anna Benjamin has counterclaimed for a declaratory judgment that the plaintiff has no lien or interest in the Property. The relevant facts follow.

Turning first to the facts relating to the interest of defendants Albert Benjamin and Anna Benjamin in the Property, on February 4, 1977, the subject parcel was quitclaimed to the defendants jointly. On that date, the defendants were husband and wife. Defendants Albert Benjamin and Anna Benjamin were divorced by decree of the Territorial Court of the Virgin Islands, Division of St. Thomas and St. John, on April 14, 1980. Benjamin v. Benjamin, Family No. 80-D58. The decree of divorce also provided that Albert Benjamin was to transfer all his interest in the Property to Anna Benjamin. On April 28, 1980, Albert Benjamin executed a quitclaim deed conveying his interest in the Property to Anna Benjamin. That quitclaim deed was recorded in the office of the Recorder of Deeds on April 29, 1980. The April 14, 1980, Decree of the Territorial Court was modified by that tribunal on April 30, 1981, to provide nunc pro tunc that Albert Benjamin's interest in the Property was transferred and conveyed to Anna Benjamin on April 9, 1980.

The facts pertinent to the plaintiff's claim are the following. On June 29, 1979, plaintiff Thomas Modeste, recovered a judgment in this Court against defendant Albert Benjamin in the sum of $50,000.00, plus interest, costs and attorney's fees. Modeste v. Benjamin, Civ. No. 78-39. Modeste recorded that judgment against the Property in the office of the Recorder of Deeds on April 14, 1980. Plaintiff thereafter sought execution on his aforesaid judgment but on May 9, 1980, the U.S. Marshal declined to execute on the Property for the stated reason that Anna Benjamin, by virtue of the quitclaim deed of April 28, 1980, had acquired all interest of Albert Benjamin in the property. This law suit followed.

■■ Several legal issues are raised by this action. The threshold issue is: what was the nature of the tenancy by which Albert and Anna Benjamin held the Property before the April 14, 1980, Decree of Divorce. We conclude that they owned the property as tenants by the entirety, the Property having been conveyed to them jointly while they were husband and wife. See 28 V.I.C. § 7(c); Masonry Products, Inc. v. Tees, 6 V.I. 108, 110–11 (D.V.I. 1968). The special, and significant feature of an estate by the entirety is that the spouses, "by reason of their legal unity by marriage, are deemed by the common law to take the whole estate as a single person with the

right of survivorship." Masonry Products, supra, at 111. Therefore, the rule of law in this jurisdiction is that while the Benjamins were tenants by the entirety, the Property was not subject to execution by one who is a judgment creditor of one individual spouse solely. Masonry Products, supra, at 111–14.

■ Upon the entry of the Benjamins' divorce decree on April 14, 1981, the former spouses became tenants in common. 28 V.I.C. § 7(d). The consequence of this change of status was that the undivided one-half interest in the Property of each of the Benjamins thereupon became subject to attachment by their respective creditors. The plaintiff was evidently fully aware of his improved position for on the very date of the divorce, he recorded his judgment against the Property.

■ The most important issue of this case must now be treated, i.e., the legal effect of plaintiff's recordation of his judgment against the Property. 5 V.I.C. § 425(c) lays down the guiding principle of law.

> From the date of docketing the transcript of a judgment, such judgment shall be a lien against the judgment debtor's real property against which it is noted as provided in this section. A conveyance of real property or any portion thereof or interest therein, shall be subject to the lien of a judgment unless such conveyance has been recorded at the time of docketing the transcript of such judgment.

Moved by the dictates of § 425(c), we conclude that this plaintiff perfected a judgment lien on the undivided one-half interest of Albert Benjamin in the property by the recording of his judgment, an encumbrance which persists to this day. We so conclude because as of April 14, 1980, Albert Benjamin had not yet conveyed his interest in the Property. It was two weeks after plaintiff's judgment had been recorded that he did so, and more importantly, the said quitclaim was not recorded until April 29, 1980. Plaintiff's lien thus takes precedence over the conveyance.

■ Anna Benjamin argues that the April 30, 1981, Order of the Territorial Court, which modified its April 14, 1980, Decree, calls for a contrary result. She contends that because the court order decreed nunc pro tunc that the conveyance of Albert Benjamin's interest in the Property to Anna Benjamin occurred on April 9, 1980 (even though the quitclaim deed was not executed until April 28, 1980), Albert Benjamin had no interest in the Property on April 14,

1980, and thus the Property could not be made subject to the plaintiff's judgment on that date. We disagree. The April 30, 1981, nunc pro tunc order of the Territorial Court can in no way adversely affect the perfected lien of plaintiff. Anna Benjamin relies heavily on the date of transfer, but the critical date is that of the recording. 5 V.I.C. § 425(c) specifically so provides. However, had the Decree entered April 14, 1980, been pitched in terms of the Order modifying that Decree, defendants might stand on firmer ground. Whereas the amendatory language is

> . . . that all of plaintiff's right, title and interest in and to Parcel No. 8-50 Estate Lerkenlund, St. Thomas, Virgin Islands be and the same *is* hereby transferred . . . . (Emphasis supplied.)

the original Decree recited

> . . . that the plaintiff *transfer*, by valid Deed to the defendant, all his interest in . . . ." (Emphasis supplied.)

Language such as that used in the April 30, 1980, Order was intended to, and would probably have, effectively wiped out Albert Benjamin's interest had that wording been employed in the April 14, 1980, Decree. Coming, as the language did, after the ". . . docketing [of] the transcript of [the] judgment . . .", it was of non-effect.

■ ■ Although we have reached our decision based on Virgin Islands statutory law, we make mention of the argument of constitutional dimension briefly touched on by plaintiff. The due process clause of the Fourteenth Amendment to the United States Constitution[1] prohibits the type of extinguishment of plaintiff's vested lien rights for which the defendant argues. The Fourteenth Amendment requires that there be "due process of law" before a person is deprived of property. A lien interest in a particular piece of property has been held to be "property" by the United States Supreme Court. Armstrong v. United States, 364 U.S. 40, 44 (1960). Due process is not accorded to one who is not made a party, or otherwise represented, in a court action which undertakes to deprive him of his property. Therefore, the April 30, 1981, Territorial Court Order at issue could not affect the plaintiff's prior lien interest in the property.

---

[1] The due process clause of the Fourteenth Amendment is applicable to the Virgin Islands pursuant to § 3 of the Revised Organic Act of 1954.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the plaintiff's motion be, and the same is hereby, GRANTED and summary judgment will be entered accordingly.