**SHIRLEY ZIVIC, Plaintiff**

**v.**

**FREDERICK ZIVIC and THE FIRST NATIONAL BANK OF SUFFIELD, Defendants**

Civil No. 88/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 11, 1985

JOHN J. MAHON, ESQ., St. Thomas, V.I., *for plaintiff*

FREDERICK ZIVIC, New York, N.Y., U.S.A, *pro se*

RICHARD D. GRUNERT, ESQ. (GRUNERT, STOUT & SMOCK), St. Thomas, V.I., *for defendant First National Bank*

MEYERS, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's motion for summary judgment, pursuant to Rule 56, Fed. R. Civ. P., against Defendant First National Bank of Suffield (Bank). Plaintiff has submitted a memorandum and several exhibits in support of her motion. Defendant Bank has filed an opposition thereto.

Rule 56(c), Fed. R. Civ. P., provides in pertinent part that summary judgment "shall be rendered forthwith if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to . . . judgment as a matter of law." For the reasons set forth below, the motion for summary judgment will be granted.

## I. FACTS

Plaintiff Shirley Zivic brings this suit against Defendants, Frederick Zivic and the First National Bank of Suffield, seeking, inter alia, a declaratory judgment that the Defendant Bank has no mortgage interest or security interest in Defendant Frederick Zivic's undivided one-half interest in Parcel No. 34 J-2 Estate Mandahl, No. I Great Northside Quarter, St. Thomas, Virgin Islands (hereinafter "the property").

The record establishes that, on November 3, 1971, Plaintiff Shirley Zivic and the Defendant Frederick Zivic, then husband and wife, purchased the property as tenants by the entirety. On November 14, 1975, Defendant Frederick Zivic, while still married to Plaintiff, executed a real estate contract with three individuals, F. William Euliano, Jr., Thomas D. Sullivan, and Mitchell C. Willis, all of Connecticut, in which Defendant Zivic contracted to give a mortgage on the property. The real estate contract was subsequently recorded in the Office of Recorder of Deeds in St. Thomas on January 19, 1976. The record indicates further that on November 15, 1975, F. William Euliano, Jr., Thomas D. Sullivan, and Mitchell C. Willis, assigned all their right, title, and interest in the real estate contract to the Defendant Bank; that assignment was also recorded in the Office of the Recorder of Deeds in St. Thomas, V.I., on January 19, 1976. By virtue of said assignment, the Defendant Bank now claims an interest in the property. The Court's record also reveals that Plaintiff Shirley Zivic and Defendant Frederick Zivic were divorced in the Superior Court, Hartford County, Connecticut, on November 23, 1976, at which time Defendant Zivic obtained one-half interest in the property as a tenant in common with Plaintiff.

## II. ISSUES

The principal issues before the Court are:

(1) whether Plaintiff has standing to seek a declaratory judgment against the Defendant Bank's asserted lien interest; and

(2) whether a valid mortgage interest in the property was created

in favor of Defendant-assignee Bank by virtue of Defendant Zivic's execution of the real estate contract and the subsequent assignment thereof.

## III. DISCUSSION

Plaintiff contends, inter alia, that Defendant Frederick Zivic entered into an executory real estate contract in which he merely agreed to execute a mortgage on the property and that the real estate contract did not constitute the mortgage per se. Plaintiff further contends that, even if the real estate contract conveyed[1] a mortgage interest, Defendant Zivic could not legally give such interest or encumber the property in any way without Plaintiff's consent while they were legally married; hence, the contract was void as a matter of law by virtue of the fact that the property was owned by Plaintiff and Defendant Zivic, then husband and wife, as tenants by the entirety.

### A. Standing

Defendant Bank, in its opposition, contends, inter alia, that Plaintiff has no standing to demand a declaratory judgment that Defendant Bank has no mortgage or security interest in Defendant Frederick Zivic's undivided one-half interest in the property by reason of the fact that upon their divorce, they became tenants in common and, as a result, Plaintiff has no legal or equitable title or other interest in Defendant Zivic's undivided one-half interest. The Court disagrees.

The question of standing is generally determined from the face of the complaint. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). When a plaintiff's standing is brought into issue, "the relevant inquiry is whether . . . the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision." Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38 (1976). Moreover, the doctrine of standing focuses on "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of [the court's] jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498–499 (1975); Accord, Village of

---

[1] The term "convey" is used herein to refer to the creation of a mortgage interest or transfer thereof by one party in favor of another since this is the customary terminology used in connection with Conn. Gen. Stat. Title 47 § 47-36h, entitled "Force and Effect of Mortgage Deed Form".

Arlington Heights v. Metro Housing Development Corp., 429 U.S. 252, 269 (1977). The Court has gleaned from the allegations in Plaintiff's complaint that she has such personal stake in the outcome of the instant action in that she claims an interest in the parcel of real property against which Defendant Bank asserts its lien. For that reason, the Court finds that Plaintiff does have standing to bring this action for declaratory judgment against Defendant Bank.

B. Conveyance of interest in land held by tenants by the entireties

Defendant Bank contends that upon the divorce of Plaintiff and Defendant Zivic they automatically became separate owners of an undivided one-half interest in the property. 28 V.I.C. § 7(d). While this is true, Todman v. Todman, 15 V.I. 518, 524, 571 F.2d 149 (3d Cir. 1978), the relevant inquiry here concerns the point in time of the recordation of the contract and of the assignment of same relative to the effective date of the parties' divorce. The record reveals that Plaintiff and Defendant Zivic were divorced on or about November 23, 1976; Defendant Zivic had already executed the real estate contract on November 14, 1975, one year earlier, while they were still married. Moreover, the recordation of the contract and of its assignment took place on January 19, 1976, which was prior to the divorce. Plaintiff argues, and the Court agrees, that Defendant Zivic could not legally convey a mortgage interest while the parties were still husband and wife. Masonry Products, Inc. v. Tees, 6 V.I. 108 (D.V.I. 1968). In Masonry Products, supra, the court, per Maris, J., stated that:

> . . . the estate by the entirety . . . is based upon the legal unity of the spouses as if they constituted a juristic third person, with the property being held by each spouse seized of the whole and not of a share or divisible part . . . it is the view of the great majority of those American jurisdictions which recognize the estate by the entirety that since the enactment of the Married Women's Property Acts *this unity of estate is indestructible by the unilateral act of either spouse so long as the marriage subsists.* With this view we agree and since it represents the common-law rule as generally understood and applied in the United States it must be regarded as the rule in this territory in the absence of local law to the contrary. 1 V.I.C. § 4. It is clear that the local law of the Virgin Islands is not to the contrary. [Emphasis added.]

Id. at 113. See also 28 V.I.C. § 7.

■ Applying the foregoing legal principle to the facts of this case, there is no question that the contract, insofar as it purported to convey a mortgage interest, was void as a matter of law. The Court, therefore, holds that Defendant Zivic could not, and did not, convey a valid mortgage interest in the property while the parties were married. The principle still holds that

> when husband and wife own property as tenants by the entirety, they are each considered to be seized of the undivided whole and not by the share. . . . Thus, until the end of the marriage (by divorce or death of one spouse), neither spouse may compel partition *nor sever the entirety property by a unilateral conveyance* nor affect the survivorship interest of the other spouse. (Emphasis added.)

Napotnik v. Equibank and Parkvale Savings Assn., 679 F.2d 316, 319 (3d Cir. 1982). See, Modeste v. Benjamin, 18 V.I. 619 (D.V.I. 1981); Masonry Products, supra. Moreover, neither spouse can alienate a portion of the tenancy for his or her individual benefit without the other's consent. Lewis v. United States, 485 F.2d 606, 613 (Ct. Cl. 1973).

In Creque v. Creque, 19 V.I. 408 (Terr. Ct. 1983), this Court reiterated principles applicable to facts analogous to those in the instant case. The Court, in Creque, supra, held that, where a debt is owed by one spouse, the creditor may neither sell, levy on, nor attach through a lien, property held as a tenancy-by-the-entirety. Id. at 414. See, Modeste, supra. The Court further held that the recordation of an intervenor's judgment against the marital homestead while the parties were married and held the property as tenants-by-the-entirety was null and void. The judgment lien was held to be invalid and, thus, "could not be enforced against the property, whether by attachment, levy, or sale." Id. In the instant case, since the date of divorce was subsequent to the recordation, the recordation was invalid.

■ Based on the foregoing, the Court finds that the recordation on January 19, 1976, of both the real estate contract and the assignment thereof to the Defendant Bank, at a time when the parties were still married and held the property as tenants-by-the-entirety, was null and void. Accordingly, the Court further concludes as a matter of law that no valid mortgage interest or lien was created in favor of Defendant Bank with respect to the property in the instant case.

■ In light of the foregoing, the Court finds it unnecessary to reach the other issues raised by the parties.[2] Moreover, the Court finds that there are no genuine issues of material facts and Plaintiff is entitled to judgment as a matter of law; hence, summary judgment is appropriate. See, U.S. v. Reader's Digest Assn., 662 F.2d 955 (3d Cir. 1981); 10A WRIGHT, MILLER & KANE, Fed. Practice and Procedure: Civil 2d § 2725 (1983).

## C. Conclusion

The Court makes the following conclusions:

1. Plaintiff has standing to sue for declaratory judgment that the Defendant Bank has no mortgage interest in the property; and

2. There was no valid creation or transfer of a mortgage interest in favor of the defendant-assignee Bank because the recordation of the real estate contract and its assignment prior to the Zivics' divorce was null and void.

## JUDGMENT

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that Plaintiff's motion for summary judgment is GRANTED; and it is further

DECLARED that Defendant First National Bank of Suffield has no mortgage interest or equitable lien in Parcel No. 34 J-2 Estate Mandahl, No. 1 Great Northside Quarter, St. Thomas, Virgin Islands; and it is further

DECLARED that the purported lien of the Defendant Bank is null and void; and it is further

ORDERED that the recordation of this judgment shall release the purported lien of Defendant Bank.

---

[2] Those issues are (a) whether the property was adequately described in the contract, (b) whether the doctrine of after-acquired title applies to the facts of this case, and (c) whether the applicable choice of law is that of the Virgin Islands or Connecticut in light of the forum selection clause in the contract.