IN THE SUPERIOR COURT



**FILED**

July 26, 2023 03:08 PM
SX-2020-CV-00572
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **MONA L. ROBERTS,** | | SX-2020-CV-572 |
| | **Plaintiff,** | |
| | | **ACTION FOR DECLATORY JUDGMENT,** |
| **v.** | | **TO QUIET TITLE AND TO SET ASIDE** |
| | | **SALE** |
| **JEROME BLYDEN,** | | |
| | **Defendant.** | **CITE AS: 2023 VI SUPER 43山** |

**Appearances:**
**Charlotte K. Perrell, Esq.**
Dudley Newman Feuerzeig LLP
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

**Jerome Blyden**
St. Thomas, U.S. Virgin Islands
*For Defendant, Pro se*

### MEMORANDUM OPINION

**WILLOCKS, Administrative Judge**

¶ 1　**THIS MATTER** came before the Court for a bench trial on October 4, 2022.

### BACKGROUND

¶ 2　On April 9, 2002, Defendant Jerome Blyden (hereinafter "Blyden") filed a complaint against John S. Roberts D B A Roberts Works for You (hereinafter "Contractor John S. Roberts") in Civil Case No. ST-2002-CV-174 (hereinafter "St. Thomas Case") in an action for debt, fraud, and unjust enrichment. On April 26, 2004, a judgment was entered in the St. Thomas Case in favor of Blyden against Contractor John S. Roberts in the following amounts: (i) $33,804.96 in compensatory damages, (ii) $6,000 in punitive damages, and (iii) $2,100.00 in attorneys fees and costs, plus post-judgment interest at the statutory rate from the date of entry of the judgment until

the judgment is paid (hereinafter "St. Thomas Judgment").[1] Subsequently, Blyden attached the real property located at Plot No. 101 of Estate South Grapetree Bay, East End Quarter "B", St. Croix, U.S. Virgin Islands, consisting of 0.909 U.S. acre, more or less, as more particularly shown on OLG Drawing No. 4618, dated December 27, 1988, revised on July 8, 1997 (hereinafter "Property") to satisfy the St. Thomas Judgment. On June 28, 2019, the Office of the Virgin Islands Marshal held a public sale of the Property and Blyden was the highest bidder. On September 10, 2019, an order confirming the sale of the Property to Blyden was entered in the St. Thomas Case.

¶ 3    On June 18, 2020, Plaintiff Mona L. Roberts' (hereinafter "Plaintiff") filed a complaint against Blyden. In her complaint, Plaintiff sought for declaratory judgment that Plaintiff holds the sole legal title to the Property free and clear of Blyden's interest, to quiet title to the Property, and to set aside the sale of the Property to Blyden. In response, Blyden filed a motion to dismiss for failure to state a claim upon which relief can be granted, which was subsequently denied by an order entered on September 20, 2021.[2]

¶ 4    On October 4, 2022, the parties appeared for a bench trial. Plaintiff appeared with her counsel and Defendant appeared pro se. Witnesses and exhibits were presented, and arguments were heard. At the conclusion of the hearing, the Court took the matter under advisement.

## STANDARD OF REVIEW

¶ 5    Rule 52 of the Virgin Islands Rules of Civil Procedure provides:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions

---

[1] The St. Thomas Judgment against Contractor John S. Roberts was subsequently renewed.

[2] Defendant never filed an answer after the denial of his motion to dismiss.


may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

V.I. R. CIV. P. 52(a)(1)(A).

## DISCUSSION

¶ 6    In accordance with Rule 52(a) of the Virgin Islands Rules of Civil Procedure and having reviewed the entire record, the Court now makes the following findings of fact and conclusions of law.

### Findings of Fact

1.  Plaintiff was married to John Sherril Roberts.

2.  According to the deed of gift, executed on July 12, 2016, John Sherril Roberts as grantor conveyed the Property to "John Sherril Roberts and Mona L. Roberts, husband and wife" as grantee.

3.  There was no evidence to suggest that any other estate in property other than a tenancy by the entirety was intended by the July 12, 2016 deed of gift.

4.  John Sherril Roberts was a Caucasian male.

5.  John Sherril Roberts' date of birth was February 16, 1937, and date of death was October 27, 2019.

6.  Contractor John S. Roberts was an African American male of West Indian descent.

7.  Contractor Johns S. Roberts' date of birth was July 22, 1942, and date of death was October 5, 2021.

8.  John Sherril Roberts and Contractor John S. Roberts were two different individuals.

### Conclusions of Law

¶ 7    In this instance, Plaintiff argued that John Sherril Roberts and Contractor John S. Roberts were two different individuals, that the St. Thomas Judgment was against Contractor John S. Roberts not John Sherril Roberts, that John Sherril Roberts and Plaintiff held title to the Property,

that Contractor John S. Roberts did not have any rights or interests in the Property, and that the Property was wrongfully attached by Blyden in the St. Thomas Case to satisfy the St. Thomas Judgment. Meanwhile, Blyden argued that John Sherril Roberts was Contractor John S. Roberts, that the St. Thomas Judgment was against Contractor John S. Roberts and therefore against John Sherril Roberts, that John Sherril Roberts held title to the Property and therefore Contractor John S. Roberts held title to the Property, and that the Property was rightfully attached by him in the St. Thomas Case to satisfy the St. Thomas Judgment.

¶ 8     Given the Court's finding above that John Sherril Roberts and Contractor John S. Roberts were of different ethnicity, birthed on different dates, and died on different dates, John Sherril Roberts and Contractor John S. Roberts were two different individuals. The St. Thomas Judgment was entered against Contractor John S. Roberts and not against John Sherril Roberts. There was no evidence of any judgment entered against John Sherril Roberts in Blyden's favor. In other words, Contractor John S. Roberts owed money to Blyden under the St. Thomas Judgment while John Sherril Roberts was not a party in the St. Thomas Case and John Sherril Roberts did not owe money to Blyden under the St. Thomas Judgment or any judgment. Furthermore, given the Court's findings above that the July 12, 2016 deed of trust conveyed the Property to John Sherril Roberts and Plaintiff, John Sherril Roberts and Plaintiff—not Contractor John S. Roberts—held title to the Property since July 12, 2016 and Contractor John S. Roberts did not hold any interests or rights in the Property. As such, the Court concludes that the Property   which was not the property of the defendant Contractor John S. Roberts—was wrongfully attached by Blyden in the St. Thomas Case to satisfy the St. Thomas Judgment. *Cf.* Title 5 V.I.C. § 251 ("The plaintiff, at the time of issuing the summons, or at any time afterwards, may have the property of the defendant attached as

security for the satisfaction of any judgment that may be recovered, unless the defendant gives security to pay such judgment, as in this chapter provided, in the following cases: (1) In an action upon a contract, express or implied for the direct payment of money, and which is not secured by mortgage, lien, or pledge upon real or personal property, or, if so secured, when such security has been rendered nugatory by the act of the defendant. (2) In an action upon a contract, express or implied, against a defendant not residing in the Virgin Islands."). Accordingly, the Court will vacate the September 10, 2019 order in the St. Thomas Case confirming the sale of the Property to Blyden and vacate the sale of the Property to Blyden at the June 28, 2019 public sale held by the Office of the Virgin Islands Marshal.

¶ 9    The Court will next turn to the question of whether Plaintiff is the sole owner of the Property. Given the Court's findings above that the July 12, 2016 deed of trust conveyed the Property to John Sherril Roberts and Plaintiff as husband and wife, John Sherril Roberts and Plaintiff held title to the Property as tenants by the entirety with rights of survivorship. *See* Title 28 V.I.C. § 7(c) ("A conveyance or devise of real property to husband and wife jointly creates an estate by the entirety unless otherwise provided in the deed or will."); *see also, Martin v. Martin*, 58 V.I. 620, 630 n.8 (V.I. 2013) ("[I]t is well established that a grant of property to husband and wife is considered a tenancy by the entirety, unless there is some evidence to the contrary within the deed. 28 V.I.C. § 7(c). The property here was granted to the couple approximately four years after they married and there is nothing to suggest that any other estate was intended."). Thus, upon John Sherril Roberts' death in 2019, Plaintiff became the sole owner of the Property. *See Mahabir v. Heirs of George*, 63 V.I. 651, 660 n.4 (V.I. 2015) ("And    unlike a joint tenancy or a tenancy by the entirety — a tenant in common lacks a right of survivorship in her cotenants' 'equal or unequal

undivided shares,' with her interest in the property remaining unchanged by the death of a cotenant."); *see also, Modeste v. Benjamin*, No. 81-57, 1981 U.S. Dist. LEXIS 9353, at *4 (D.V.I. Nov. 3, 1981) ("The special, and significant feature of an estate by the entirety is that the spouses, 'by reason of their legal unity by marriage, are deemed by the common law to take the whole estate as a single person with the right of survivorship.'"). Accordingly, the Court will enter declaratory judgment in favor of Plaintiff that she is the sole owner of the Property free and clear of Blyden's claims. *See* Title 5 V.I.C. § 1261 ("Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."); *see also*, Title 5 V.I.C. § 1262 ("Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."). The Court will also quiet title of the Property in favor of Plaintiff.

## CONCLUSION

¶ 10    Based on the foregoing, the Court will vacate the September 10, 2019 order in the St. Thomas Case, vacate the sale of the Property to Defendant at the June 28, 2019 public sale, enter declaratory judgment in favor of Plaintiff that she is the sole owner of the Property free and clear of Blyden's claims, and quiet title of the Property in favor of Plaintiff. This matter will be closed

but the Court will retain jurisdiction to grant such other relief as may be necessary and appropriate, such as an order for the Recorder of Deeds, if deemed necessary, to make the recordation to quiet title of the Property in favor of Plaintiff. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE and so ORDERED this 26ᵗʰ day of July, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court
By: _____
Court Clerk
Dated: July 26, 2023

_____
HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**