**EMPLOYEES RETIREMENT SYSTEM OF THE GOVERN-MENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**HENRY C. ARMSTRONG, ANASTACIA ARMSTRONG and the UNITED STATES OF AMERICA, Defendants**

Civil No. 1447/81

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

August 27, 1987

TERRYLIN P. MEYERS, ESQ., Assistant Attorney General, St. Thomas, V.I., *for Employees Retirement System*

ALICIA SUAREZ, ESQ., St. Croix, V.I. *for defendants Henry Armstrong and Anastacia C. Armstrong*

JIM OLIVER, ESQ., Assistant U.S. Attorney (United States Attorney's Office) St. Croix, V.I., *for United States of America*

FERDINAND & MELROSE TREASURE, St. Croix, V.I., *pro se*

PETERSEN, Judge

## MEMORANDUM OPINION

This matter is once again before this Court on a Motion To Stay Writ of Assistance issued on May 20, 1987. For the reasons stated herein, this Motion is hereby granted.

## I. FACTS

The plaintiff sought a judgment of foreclosure of certain real property known as No. 32-EB Estate Whim, St. Croix, Virgin Islands. A summons directed to Henry and Anastacia Armstrong along with a copy of the complaint was personally served upon Anastacia on December 3, 1981.[1]

The plaintiff subsequently amended the complaint which substituted the United States of America as a defendant in place of the Veterans Administration. The Veterans Administration an agency of the United States held a mortgage on the subject property. Neither Henry or Anastacia was ever served with a copy of the amended complaint. The United States answered the amended complaint and filed a cross-claim against Henry and

---

[1] Henry and Anastacia were divorced on November 5, 1973, and as a result hold the subject property as tenants in common. 28 V.I.C. § 7(d); Todman v. Todman, 15 V.I. 518, 524 (3rd Cir. 1978). They must, therefore, be served individually. See Royal Bank of Canada v. Suarez, Civ. No. 185/1985 (D.V.I. St. Croix 1986).

Anastacia Armstrong. A copy of the answer along with the cross-claim was apparently mailed to the Armstrongs.

The Armstrongs never answered the complaint or the cross-claim and a default was entered against them. A judgment was issued in favor of the United States on its cross-claim and in favor of the plaintiff on its complaint against the Armstrongs. That judgment along with this Court's findings of fact and conclusions of law established, inter alia, that the United States through the Veterans Administration held a first priority mortgage in the amount of some $18,700.00 of which a little over $8,400.00 remain unpaid and that the plaintiff held a second property mortgage in the amount of approximately $17,800.00. This Court also ordered that the subject property be sold to satisfy the judgment against the Armstrongs.

Both the plaintiff and cross-claimant filed a Writ of Execution; however, the plaintiff subsequently moved to dismiss its complaint against the Armstrongs and this Court granted the plaintiff's motion on January 21, 1985.

Since the judgment on the cross-claim was apparently valid, the subject property was sold at a Marshal's sale on August 8, 1986, to one Ferdinand Treasure for $15,000.00. An Order confirming sale was issued on September 18, 1986, which provided for a six-month redemption period. Mr. Treasure has since moved for a Writ of Assistance which this Court granted on May 20, 1987.

Defendant Anastacia is now seeking to have this Court issue an order staying thᴐ Writ of Assistance. According to plaintiff, this Court's judgment is void since service of the complaint, amended complaint and the cross-claim defective. Whether service of the complaint and the amended complaint was defective, this Court need not decide since the order granting the plaintiff's motion to dismiss has made this issue moot. As to the service of the cross-claim, there is merit to defendant's contention.

## II. DISCUSSION

 Due process requires that the defendant be given adequate notice of the suit, Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313–314 (1950), and be subjected to the personal jurisdiction of the court. International Shoe Co. v. Washington, 326 U.S. 310 (1945). World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). A judgment rendered in violation of due process is void. Id. Rule 4 of the Federal Rules of Civil Procedure which governs

service of process requires that notice of the action be served on the defendant. Strictly speaking Rule 4 does not deal directly with jurisdiction over the subject matter, jurisdiction over the person, or venue. Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil § 1063 at 204. The primary function of Rule 4 is to provide the mechanisms for bringing notice of the commencement of the action to defendant's attention and to provide a ritual that marks the Court's assertion of jurisdiction over the lawsuit. Id. F.T.C. v. Compagnie de Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312 n.61 (D.C. Cir. 1980). Failure to adhere to the structures of Rule 4 likewise renders a judgment void. See America Tel. and Tel. Co. v. Merry, 592 F.2d 118, 126 (2d Cir. 1979). Since pleadings asserting new or additional claims for relief against a party in default must be served upon him in the manner provided for service of summons in Rule 4, Fed. R. Civ. P. 5(a), this court must decide whether Henry and Anastacia were served with a copy of the cross-claim in accordance with any of the procedures enumerated in Rule 4. Merry, supra.

 It is not open to dispute that Henry and Anastacia were in default for failure to appear as was made known in this Court's findings of fact and conclusions of law. The cross-claimant's proof of service indicates that a copy of the answer and cross-claim was mailed to a post office box presumably belonging to Henry or Anastacia or both of them. It appears that this was the cross-claimants only attempt to properly serve Henry and Anastacia and it quite obviously fell short.

Rule 4 provides in part that

> A summons and complaint may be served upon a defendant . . . by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18-A and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgment of service under this subdivision of this rule is received* by the sender within 20 days after the date of mailing, *service of such summons and complaint shall be made (personal delivery).* Fed. R. Civ. P. 4(c)(2)(C)(ii); Perkin Elmer v. Trans Med. Airways, S.A.L., 107 F.R.D. 55, 57 (D.C.N.Y. 1985) (emphasis added).

There is no indication that the required acknowledgment was sent by the cross-claimant nor received, signed and returned by either Henry or Anastacia. That being the case, the cross-claimant was required to personally served defendants Henry and Anastacia. United States v. Gluklick, 801 F.2d 834, 836 (6th Cir. 1986); Schuster v. Conley, 107 F.D.R. 755, 757 (D.C. Pa. 1985). This, however, was not done.

The plaintiff dismissed the complaint against the defendants Henry and Anastacia, thus, the only basis for the judgment of foreclosure is the cross-claim. Since the cross-claim was not properly served, this Court must vacate the judgment of foreclosure and order that everything flowing therefrom, including the Marshal's sale, be declared void.

ORDER

IN ACCORDANCE with the foregoing Memorandum Opinion, it is ORDERED that the Motion to Stay Writ of Assistance be, and it is hereby GRANTED; and it is further

ORDERED that the parties hereto file all appropriate documents consistent with this court's Memorandum Opinion within 15 days of the date hereof.